FRANK E. McDIVITT v. THE DES MOINES STREET RAILWAY COMPANY, Appellant.

Contributory Negligence: WHEN NOT A DEFENSE: *Jury question.* Negligence in driving on an electric railway track, without looking for an approaching car, will not prevent a recovery for an injury caused by the motorman starting his car and running it against the wagon, after it had been upset by the first collision; and defendant's negligence becomes a jury question.

Negligence: PRESUMPTIONS. It will be presumed that a motorman had perfect control of his car, where it came to a full stop after collision with a wagon, and subsequently started running into the wagon a second time while he was at his post.

Practice on Appeal. An additional abstract filed by appellee will not be stricken out on the ground that it was not filed in time, where the submission of the cause was not delayed thereby, and prejudice is not shown to have resulted,—especially where it included material matter about which there was no dispute, which was omitted from appellant's abstract.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, OCTOBER 14, 1896.

ACTION at law to recover damages alleged to have been caused by negligence on the part of the defendant. From an order granting a new trial, the defendant appeals.—*Affirmed.*

*Guernsey & Bailey* for appellant.

*Bishop, Bowen & Fleming* for appellee.

ROBINSON, J.—In June, 1892, the defendant owned and operated a street railway on Sixth avenue, in the city of Des Moines. There were two tracks on that street, which extended from north to south—one east of the center of the street, which was used by cars going north, and one west of the center, which was used by cars going south. On a day in the month named, the plaintiff was in charge of a grocer's covered delivery wagon, drawn by two horses. He had made a delivery, and was driving northward on the 'west side of the street, and when he had nearly reached Center street he observed a car approaching rapidly from the north, and also teams, west of the west railway track, drawing lumber wagons. He continued on the west side of the street for a time, but finally, and when he thought he had ample time to do so, he turned his horses to cross to the east side and avoid the approaching car and teams. Before the wagon had cleared the east track, it was struck and overturned by a car which approached from the south. The left leg of the plaintiff was caught and broken below the knee. When the plaintiff had submitted his evidence, and rested, the defendant filed a motion for a verdict in its favor. The motion was sustained, and a verdict was accordingly returned for the defendant; but the plaintiff thereafter filed a motion for a new trial, which was sustained, and we are required to determine whether that ruling was authorized. The plaintiff claims that there was negligence on the part of the defendant, in that the north-bound car approached him at a high rate of speed, without giving any signal of its approach,

and when he was plainly discernible, and when his condition and danger were known to the employe or motorman who had control of the car; that when the collision occurred, the car which caused it came to a full stop; that after his wagon was overturned, and while he was endeavoring to extricate himself from it, the motorman, knowing the danger to which the plaintiff was exposed, backed the car, and then ran it forward, striking the wagon a second time; that the leg of the plaintiff was caught at that time between the wagon seat and the pavement, and broken; and he seeks to recover the resulting damages. The defendant denies negligence on its part, and avers that the injuries of which the plaintiff complains were the result of his contributory negligence.

I. The plaintiff did not look for a car from the south before driving upon the east track, and the appellant has devoted much time and space to show that he was negligent in failing to do so. This may be conceded, for the purpose of this appeal; but it will be noticed that the plaintiff contends that he was injured after his peril was known to the motorman, and when the act which caused his injury could have been avoided. He testifies that when his wagon was upset he went down with it, but remained in his seat and was unhurt; that when the car struck the wagon the horses broke loose, and the car and wagon stopped; that he then set his foot outside the seat at the side of the wagon; and that the car was then pushed against the wagon a second time, when his leg was caught and broken as stated. His statement that the car came to a stop at the moment of the collision, and that it was afterwards moved forward, is corroborated by the testimony of five disinterested witnesses. A lady who was in her house near by, states that she heard a crash and looked out, and saw the car started, and that it pushed the

wagon a short distance up the street. Another lady was standing at the front door of her home, and saw the collision. She states that after the car first struck the wagon it seemed to back, and then push onto the wagon again. C. A. Bragg saw the accident, and states that it seemed to him that the car moved onto the wagon after the first collision. Mack Frazier testifies, that he saw the accident, and that the car was stopped, and then started, and pushed the wagon a short distance. Robert McNutt testifies, that he saw the car moved onto the wagon while it was lying on its side. If the motorman moved the car against the wagon a second time, and thus caused the injuries in question, the defendant is presumptively liable, even though the first collision was due wholly, or in part, to the negligence of the plaintiff. The evidence justifies the conclusion, that the motorman knew, or should have known, that the plaintiff was in peril when the wagon was overturned, and it was his duty to use reasonable care to guard against further harm. It is said that the evidence does not show that the car was started by the motorman; that it may have been started without his volition, in consequence of some injury to its machinery, which resulted from the collision, or that it might have been started in the excitement of the moment, under circumstances which would not constitute negligence, or that it was only checked by the collision, and afterward went forward of its own momentum. There was evidence to the effect, that the car came to a full stop, and that the motorman was at his post, in charge of the car. There is nothing to show any injury to the machinery, nor that the motorman, while laboring under excitement, did that which should not have been done, and for which the defendant should not be held responsible. It must be presumed from the evidence given, that the motorman

had perfect control of the car, and that its movements were according to his will. If this was not true, the fact might have been shown by the defendant. This is not a case for the application of the rule announced in *Asbach v. Railway Co.*, 74 Iowa, 250 (37 N. W. Rep. 182), and followed in *Rhines v. Railway Co.*, 75 Iowa, 598 (39 N. W. Rep. 912), and *Wheelan v. Railway Co.*, 85 Iowa, 175 (52 N. W. Rep. 119), that a theory is not established by circumstantial evidence, unless it is the only one that can be fairly or reasonably drawn from the evidence.

II. The appellant discusses the evidence, and insists that it fails to show negligence on the part of the defendant. Much of what is said on that point merely goes to the reasonableness and value of the testimony of different witnesses. It is sufficient to say in regard to this branch of the case that the question of negligence was one of fact, for the determination of the jury, and that the evidence in regard to it was sufficient to require a submission of the case to the jury. The court properly set aside the verdict which it had directed, and ordered a new trial.

III. A motion to strike an additional abstract filed by the appellee, on the ground that it was not filed within the the time fixed by the rules of this court, has been submitted. It does not appear that the submission of the cause was delayed by the filing of the additional abstract, nor that prejudice has resulted from it, and when that is the case, it is not our practice to strike an additional abstract from the files. In this case there is an additional reason for not sustaining the motion. It was admitted in the district court that the defendant is a corporation, and that it owned and operated the railway and cars at the time of the accident, and there was no controversy in that court in regard to those matters. That admission was omitted from the abstract

of the appellant, but, as it related to a matter which had not been controverted, the omission was overlooked by the appellee until the appellant's argument was served. In that, it was claimed that there was no proof that the defendant was in any manner concerned in the collision, and the additional abstract supplying the omission was then prepared and served. It is plain that the admission should have been set out in the abstract of the appellant, and we cannot permit the appellant to profit by its own wrong in omitting it. The motion to strike is overruled, and the order of the district court granting a new trial is AFFIRMED.