DANIEL PEMBROKE v. EDMOND HAYES, Appellant.

**Duress:** EVIDENCE: *Consideration.* Where action is brought on a note alleged to have been given under duress, it is proper to permit plaintiff to testify what the consideration for the note was.

**Review on Appeal: FINDINGS OF FACT.** Findings supported by some evidence will not be disturbed on appeal.

**ADDITIONAL ABSTRACTS:** *When not stricken.* Where it does not appear that failure to file an additional abstract within the ten-day rule has delayed the submission of the case in the supreme court, nor that the opposing party has been prejudiced thereby, a motion to strike such abstract will not be sustained.

*Appeal from Fremont District Court.*—HON. WALTER I. SMITH, Judge.

FRIDAY, OCTOBER 11, 1901.

ACTION to recover money paid under duress. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. S. Keenan* for appellant.

*W. E. Mitchell* for appellee.

SHERWIN, J.—It was a question of fact to be determined by the jury whether the $1,000 note given the defendant by the plaintiff was to cover the agreed commission to be paid the defendant if he sold the plaintiff's farm. If that was the only consideration which entered into it, nothing was due the defendant thereon, for it is a conceded fact that he did not make the sale. This issue the jury found in favor of the plaintiff. The further question whether the payment of this note by the plaintiff at the time and under the circumstances claimed by him was under duress, as defined by the trial court, was also determined in favor of the plaintiff. Both of these findings are supported by the evidence to such an extent that we cannot interfere therewith. No claim is made that the payment of the $1,000 note was made under duress of the person. That there may be such duress of property as to avoid a contract or a payment is well settled. Cooley, Torts, 506; 1 Bouvier Law Dictionary, 575. The instruction covering this branch

of the case announced the correct rule of law. *Joannin v. Ogilvie,* 49 Minn. 564 (52 N. W. Rep. 217, 16 L. R. A. 376); *Fargusson v. Winslow,* 34 Minn, 384 (25 N. W. Rep. 942); *Brumagin v. Tillinghast,* 18 Cal. 265 (79 Am. Dec. 176); *Radich v. Hutchins,* 95 U. S. 210 (24 L. Ed. 409); *Lonergan v. Buford,* 148 U. S. 581 (13 Sup Ct. Rep. 684, 37 L. Ed. 569); *Chandler v. Sanger,* 114 Mass. 364, (19 Am. Rep. 367). There was no error in permitting the plaintiff to testify what the consideration for the note was.

Counsel for the plaintiff was somewhat sarcastic in his references to the defendant, in argument, but no error appears for which we should reverse.

The motion to strike appellee's additional abstract because not filed within the 10-day rule is overruled because it does not appear that the submission of the case has been delayed on account thereof, nor that the defendant has been prejudiced thereby. *McDivitt v. Railway Co.,* 99 Iowa, 141.

The judgment is AFFIRMED.