Sherwin, J.
In the first count of the petition the plaintiff alleged that the defendant was the owner of a certain tract of land in Pocahontas county, and that, as the consideration for a lease of said property for the year 1904, the defendant agreed to rebate and discharge the sum of $180, which was tjien due the defendant from the plaintiff as a part of the rent for the same land during the preceding year; that afterward, the defendant refused to perform his agreement, and only allowed the plaintiff the sum of $50 as a rebate; that the plaintiff was compelled to pay the balance of said sum, $130, on account of the threat'of the defendant *548 to foreclose his landlord’s lien, and that the plaintiff paid said sum to prevent attachment of his property.
In an another count of the petition, the plaintiff sued to recover the sum of $14 for services performed by him for the defendant in cutting weeds and grass upon the land in question. In still another count the plaintiff claimed the sum of $25 for hauling out and distributing manure, which had accumulated in the barnyards prior to the plaintiff’s occupancy of the farm. And further claim was made for damages to grain in the bin because of the defendant’s failure to shingle the granary. At the close of the testimony, the defendant moved to strike the testimony offered by the plaintiff in support of count one of his petition, and asked the court to instruct the jury to return a verdict for the defendant on said first count, because the evidence affirmatively established the fact that the payment of the $130 sought to be recovered in said count was a voluntary payment made by the plaintiff to discharge and liquidate a valid, subsisting obligation due to the defendant. The court overruled the motion, and thereafter instructed in substance that, if the contract for the alleged rebate of $180 was made, as alleged, and the plaintiff afterward paid the sum of $130, the balance of the rent for the year 1903, on account of threats on the part of the defendant to foreclose his-landlord’s lien or attach the property of the plaintiff for said debt, the plaintiff would be entitled to recover the money so paid. There was error in not sustaining the motion and in the instruction given. It is the general rule in this State,, as well as elsewhere, that money voluntarily paid cannot be recovered back. The disagreement among the courts has been in the application of this rule to particular cases rather than as to the rule itself. It has long been the rule in this State that a mere threat to begin a civil suit to recover on contract, and to attach property in aid of such suit, does not constitute such duress as to make a payment made on account thereof an involuntary one; and such seems to be the *549 rule in most of the other jurisdictions. Dickerman v. Lord, 21 Iowa, 338; Weaver v. Stacey, 93 Iowa, 690; King v. Williams, 65 Iowa, 167; James and Haverstock v. Dalbey, 107 Iowa, 466. No claim is made in this case that the property of the plaintiff was in the possession, either actual or constructive, of the defendant at the time of the alleged involuntary payment; indeed, the record clearly shows that the plaintiff was at the time in the full use and enjoyment thereof. In some cases payments made for the purpose of regaining the possession of property illegally detained have been held to be involuntary, but this is clearly not such a case. Here the demand was based on &■ contract evidenced by a note, and, even if a threat to attach were in fact made, as alleged by the plaintiff, or if an attachment were made following such threat, the plaintiff would have had ample opportunity to assert and maintain his legal rights in that action, and he cannot be permitted to select his own time for a legal determination of such rights by then making payment, and thereafter bringing suit to recover the same, on the ground that the payment was involuntary.
Other matters are complained of, but we find nothing in the appellant’s contention relating thereto which would require a reversal of the ease; in any event, as the alleged errors relied upon are not likely to occur if there should be a retrial of the case, we need not more specifically notice them. For the error pointed out the judgment must be, and it is, reversed.