KANSAS CITY, M. & O. RY. CO. v. GRAHAM & PRICE.

(Court of Civil Appeals of Texas. El Paso. March 14, 1912. Rehearing Denied March 27, 1912.)

1. CONTRACTS (§ 95*)—"DURESS."

"Duress" of property which will constitute a defense to a contract induced thereby must be such pressure or constraint upon the property as to take away the free agency of the person contracting; and where one threatens nothing that he has not a legal right to perform there is no duress.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 431–440; Dec. Dig. § 95.*

For other definitions, see Words and Phrases, vol. 3, pp. 2268–2278; vol. 8, p. 7645.]

2. CARRIERS (§ 218*) — SHIPMENT OF LIVE STOCK—LIMITATION OF LIABILITY—DURESS.

Though a written release, signed by the agents of shippers of cattle and extending the time for unloading, fixed by acts of Congress at 28 hours, to 36 hours, was induced by statements of a conductor that there were no adequate pens for unloading, but that, unless the release was signed, the cattle would be unloaded anyway, there was no such duress of the property as will avoid the effect of the release given.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

3. CONTRACTS (§ 100*)—INSTRUCTIONS—PROVINCE OF COURT AND JURY—DURESS.

What constitutes duress, invalidating a contract, is a question of law for the court; and whether facts sufficient to constitute it exist is for the jury.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 454; Dec. Dig. § 100.*]

Appeal from District Court, Ector County; S. J. Isaacs, Judge.

Action by Graham & Price against the Kansas City, Mexico & Orient Railway Company. Judgment for plaintiffs and defendant appeals. Reversed and remanded.

H. S. Garrett, for appellant. Frank A. Judkins, for appellees.

PETICOLAS, C. J. This was a suit for damages to a shipment of cattle from Judkins, Tex., to Silverdale, Kan., resulting in a verdict for plaintiffs against the Kansas City, Mexico & Orient Railway Company.

One of the items of damage alleged was that the appellant, who handled the cattle from Sweetwater, Tex., to Wichita, Kan., instead of unloading the cattle for food, water, and rest, as requested by the plaintiffs' agents, kept plaintiffs' cattle in the cars more than 36 hours, without food, water, or rest. It appeared on the trial indisputably that the cattle had not been confined more than 36 hours, but that they had been confined in the cars more than 28 hours. A 36-hour release was signed by the agents of the appellees accompanying the cattle; and it is assigned as error by the appellant that the court submitted an issue of damage accruing by reason of confinement of more than 28 hours. The appellees seek to avoid the effect of the

---

36-hour release, apparently on the ground of duress, though there is no pleading of duress by the appellees. Charles Brown, who was one of the men that accompanied the cattle on behalf of appellees, testified: "I remember signing that instrument. The conductor told me it was a 36-hour release, and I signed it. I signed that instrument so we could go on. There was no pens there so we could feed our cattle in the pens. If we did not sign this, they would turn them out in the pasture. The conductor said they would have to turn them out if we did not sign this release. They did not have pens for us to unload within the 28 hours, without unloading them in small pens, and then from there out into pastures. Conductor told us the pens were not large enough to feed in. We made a request before this time for our cattle to be fed and watered."

[1] The paragraph of the court's charge to which error is assigned, and for the correction of which a special charge was requested, is as follows: "If you find and believe from the evidence that the defendants confined said cattle on the cars for an unreasonable length of time, as explained in the preceding paragraph, and that plaintiffs were damaged thereby, but you further find that the plaintiffs or their agents, in writing, requested that the time limit be extended to 36 hours, then you will find for the defendants, unless you further find that plaintiffs' agents or employés were induced to sign such written request by the defendants' agents or employés threatening to unload said cattle in inadequate pens, and in pens where there was no opportunity to feed or water." We are of the opinion that this charge was erroneous. Under the old common law, the only duress known was duress of the person. It is, however, indisputably modern law that there may be duress of property; but this is only so where there is imposition or oppression, or where the extreme necessity imposed upon the party was such as to overcome his free agency. Duress of property is recognized as a kind of moral duress which may, equally with duress of the person, constitute a defense to a contract induced thereby. If such pressure or constraint virtually takes away his free agency, it will constitute duress; but, as a general rule, where the party committing the duress threatens nothing which he has not a legal right to perform there is no duress. Hackley v. Headley, 45 Mich. 569, 8 N. W. 511; Sanborn v. Bush, 41 Tex. Civ. App. 24, 91 S. W. 885; Alexander v. Company, 34 S. W. 183; Shelton v. Jackson, 20 Tex. Civ. App. 443, 49 S. W. 415; Ladd v. S. C. P. & M. Co., 53 Tex. 193.

[2, 3] It is apparent in this instance that under the acts of Congress the railway company was obliged to unload the cattle by the expiration of 28 hours, unless the plaintiffs' agents signed a written release extending the time to 36 hours. The statements testified to as made by the conductor amounted to no more than saying that, unless a written release was executed, the cattle would be stopped and unloaded, and the plaintiffs were not deprived of any free agency; they had, as it were, their option to refuse to sign the release, unload the cattle, and, if the unloading and feeding facilities were inadequate and caused damage, to have brought their action, based thereon, or to sign the release and allow the cattle to go on. In the latter instance, of course, their execution of the release constituted a perfect defense to any damage caused by the continued retention of the cattle in the cars. We do not mean to hold that there could not be circumstances in connection with the signing of such release which would be sufficient to constitute duress. To illustrate: If the railway agent had stated that, unless the release was signed, the railroad would not transport the cattle any farther than that point at any time or under any conditions, that might be sufficient to constitute duress. What we do hold, however, is that in this instance there are no facts testified to sufficient to submit to the jury as constituting duress. What constitutes duress is a question of law for the court; whether the facts exist is a question for the jury. The court erred, therefore, in the charge quoted.

There are quite a number of other errors assigned; but in nearly every instance they are questions which will probably not arise on another trial; it is therefore needless to pass upon them.

For the error indicated, the cause is reversed and remanded.

McKENZIE, J., disqualified.