HALL v. ODIORNE. (No. 7319.)

Court of Civil Appeals of Texas. Austin.
Jan. 30, 1929.

Rehearing Denied Feb. 20, 1929.

Collins, Jackson & Snodgrass, of San Angelo, for appellant.

N. C. Walker, of San Saba, for appellee.

BLAIR, J. Appellee sued appellant for $1,-400, alleged to be due under a contract or offer, which appellee alleged he had performed in all material respects and things, and which, in material parts, reads as follows:

"In Sorell vs. J. E. Hall.

"Being desirous to settle my controversy with Mr. Sorell without any further trouble of court proceedings, I wish to secure your services in making a settlement between us.

" * * * I have figured that $61,400.00 will pay Mr. Sorell all his money with interest. * * * Therefore * * * I make you this proposition that I will pay $61,400.-00, and if you can get Mr. Sorell to settle for less than that amount you are to have and keep the difference between $61,400.00 and the amount you settle with Mr. Sorell for. That is, I agree to pay you the difference between $61,400.00 and whatever you can settle with Mr. Sorell for.

"I am willing to make agreement that I will pay this money on or before July 1st, 1927. I will expect Mr. Sorell to make binding agreement that the suit against me will be stopped and that he will re-convey my land back to me with all notes and liens of every kind released so that I have all my 5230 acres of land and that Mr. Sorell make no further claim against it. The money I agree to pay him is to cover all I owe him on my lands and all leases due him on his ranch up to July 1st, 1927."

Appellant answered by a general denial and other special answers not necessary to set out here.

At the conclusion of the evidence, the court instructed a verdict for appellee for $1,-185, and rendered judgment accordingly; hence this appeal.

The first proposition is that the evidence is conflicting as to whether appellee had persuaded Sorrell to settle his suit against appellant, Hall, for $60,000, before he induced Hall to sign the contract or offer in suit, and that such issue was for the jury. We do not sustain the contention. The rule sought to be invoked by this proposition is that, where a promise to pay for an act is made as an offer, the act must be performed in compliance with the offer in order to create a binding contract; and that, where the act had been performed prior to the offer, no contract is created by making the offer. This may be a correct abstract proposition of law, but it is not applicable here, because the undisputed evidence shows that appellee brought about the settlement or compromise of the suit between Sorrell and Hall after Hall executed the contract or offer in suit. The mere fact that appellee knew at the time Hall executed the contract or offer that Sorrell would probably settle with Hall for about $60,000 is not material. Hall's offer was to pay appellee for "services" rendered in actually making a settlement with Sorrell, which appellee did after the offer was made, and appellant is therefore bound by the contract so created.

The second proposition is that appellee did not perform the things required of him in accordance with the terms of the contract or offer. We do not sustain the contention. The material matters or things required of appellee were (a) to effect a settlement of Sorrell's pending suit against Hall (b) for not more than $61,400, to be paid in full settlement of Hall's indebtedness to Sorrell, on or before July 1, 1927, and (c) Sorrell was to reconvey to Hall 5,230 acres of land involved in the suit and to release all liens against same. Appellee performed his contract by obtaining a written agreement which was filed in the case, and which provided: (a) That the suit had been settled by Hall agreeing to pay Sorrell $60,000 on or before July 1, 1927, under terms stated; (b) that the amount so paid was in full settlement of Hall's indebtedness to Sorrell; and (c) that, when the amount was paid, Sorrell would reconvey to Hall and release all liens on said 5,230 acres of land. Concerning the agreement, Hall testified as follows:

"Yes, he (meaning appellee) went on down and got Mr. Sorrell to sign this contract and brought it back and delivered it to my attorney, and me and Mr. Sorrell settled on the terms of that agreement, that is what we did."

Appellee therefore performed every material matter or thing required of him by the contract or offer in suit, and was entitled to recover as directed by the court.

The third proposition is that the court erred in excluding certain proffered testimony relating to the special defense pleaded that the written instrument sued upon was not executed as a contract or as evidencing any

872

agreement, and was not delivered or accepted by appellee for such purposes. We do not sustain the contention, because the effect of both the pleadings and the proffered testimony was to vary by parol the written contract or offer in suit. The substance of the pleadings and the proffered testimony was that appellant executed the contract or offer in suit because appellee, as assistant auditor, appointed by the court in the Sorrell-Hall suit, had examined all of appellant's private papers, contracts, etc., in connection with that suit, and threatened to divulge, to the ruin of appellant, that information, unless appellant signed the letter or contract in suit; but with agreement made at the time that same was not a contract, and that appellant would only pay appellee $1,400 if he obtained a lease for appellant on Sorrell's ranch.

It is clear that this was merely an attempt to assert a parol contract wholly at variance with the written contract in suit. This, of course, cannot be done.

█ It was not alleged that the contract sued upon was void or even voidable, because of the alleged threats or duress, nor was its cancellation sought upon that ground. The proffered testimony of threats or duress was therefore immaterial.

█ But, if duress was alleged, the undisputed evidence shows that appellant ratified the contract and acts of appellee after the duress had been removed. All negotiations conducted by appellee leading to the final settlement of the Sorrell-Hall suit were submitted to Hall and his attorney, and they freely consented thereto; that is, appellee obtained the written offer of Sorrell addressed to appellant's attorney to settle with Hall for $60,000. Thereupon appellant's attorney drew the contract which Hall willingly signed, and settled with Sorrell in accordance with same.

The law is settled that a contract made under duress is ordinarily voidable and not void, and may be ratified by the injured party after the duress has been removed. 13 C. J. 398, § 311.

█ Nor was it alleged or proved that the matters which appellee threatened to divulge, if he did so threaten, were matters not properly in his hands as auditor, or that they were such matters that the court could not have compelled appellee, as auditor, to produce as evidence in that case. Therefore appellant cannot complain of the fact that appellee threatened to produce that which he was required to produce, because a threat to do a thing which a person has a legal right to do cannot be the basis of duress. Kansas City Ry. Co. v. Graham (Tex. Civ. App.) 145 S. W. 632.

Appellant's fourth and remaining proposition is not briefed, and is overruled.

We affirm the judgment of the trial court. Affirmed.