163 P.2d 270

**DONALD v. DAVIS.**

No. 4903.

Supreme Court of New Mexico.

Nov. 1, 1945.

G. T. Watts and O. O. Askren, both of Roswell, for appellant.

H. R. Parsons, of Fort Sumner, and Simpson, Dorenfield & Fullingim, of Amarillo, Tex., for appellee.

BRICE, Justice.

This action was brought by appellee against appellant to recover judgment on a promissory note in the sum of $901.44, together with interest and attorney's fees.

The appellant by his first amended answer admitted the execution and delivery of the note to appellee, but asserted "that there was no consideration, as shown by his affirmative defense" thereinafter set forth. He admitted that the appellee was the owner and holder of the note; that demand had been made for payment; that the note was unpaid, and that it had been placed in the hands of an attorney for collection. The appellant's affirmative defense referred to, is as follows:

"That said note was given without consideration and under duress and the facts surrounding the signing and delivery of said note are as follows:

"(a) That prior to the delivery of said note, the plaintiff and defendant had entered into a joint enterprise, the conditions of which were that the plaintiff would furnish the capital for the defendant to buy certain cattle and handle the same until sold; and that plaintiff and defendant would share the profits and loss of said business.

"(b) That in accordance with the oral agreement between the plaintiff and defendant, the said defendant did buy certain cattle for the joint enterprise and at the time of the sale of said cattle, there was a loss of approximately Twenty Eight Hundred ($2800) Dollars.

"(c) That the defendant put into said joint enterprise the sum of Eighteen Hundred ($1800) Dollars, which he lost in the said cattle deal and the plaintiff lost less than the defendant to the extent of five hundred dollars.

"(d) That the plaintiff many months after said cattle were sold at a loss, demanded from defendant that the defendant stand all the loss; and finally by threats of suit for what defendant alleges was an unfounded claim, defendant signed and delivered said note without consideration to his former partner under duress and not voluntarily because of the following circumstances:

"That at the time of being pressed by the plaintiff to sign said note, the defendant was in a serious financial condition, which fact was well known to the plaintiff; that said plaintiff knew at the time of the joint enterprise of the financial condition of defendant.

"That defendant, at the time said unfounded claim was being pressed upon him, owed large sums of money which he could not then liquidate and that a suit then would have caused a condition of such financial ruin that not only the defendant would have suffered great loss but said suit would have caused a great loss to all of his creditors; and thus the defendant signed said note, without consideration and under 'business compulsion' and involuntarily.

"Wherefore, defendant prays that plaintiff take nothing by his suit and for all proper relief."

The trial court entered an order sustaining appellee's motion to strike that portion of appellant's affirmative defense contained in the first amended answer "which plead that the note in question was executed under duress and not voluntarily." It expressly stated that the order did not apply to that portion of the answer "which directly or indirectly plead that the note in question was given without consideration," or, in the words of the court, contained in the order:

"* * * and the Court does not sustain any exception to, or motion to strike those portions of the said answer setting up the execution of the note was without consideration, but the Court does hereby sustain the motion to strike those portions of the defendant's affirmative answer which sets up that the note was executed under duress and/or business compulsion and not voluntary; and the Court considers the motion to strike addressed to those portions of defendant's answer setting up duress and busi-

ness compulsion as a demurrer. The Court sustains hereby, in all things, the motion to strike, or demurrer to those portions of defendant's affirmative defense identified before, and no further."

After the entry of the order sustaining in part appellee's motion to strike, the trial proceeded upon the merits, resulting in a judgment for appellee in the sum of $1224.-27 and costs. Want of consideration was appellee's only defense, and this was resolved against him.

The question presented to this court is whether the trial court erred in sustaining "the motion to strike or demurrer to that portion of the answer" in which it was alleged that the note sued on was executed under such duress and business compulsion as that it should be cancelled. For the purposes of this case, we must assume that the asserted facts are true.

Stated more concisely the facts stricken are in substance as follows:

The appellee threatened to sue the appellant on "an unfounded claim" which grew out of a joint adventure of the parties, unless the appellant would sign a promissory note for the amount of the losses appellee had sustained by such adventure. At that time, the appellant was indebted in large sums of money, of which appellee had knowledge, and the institution of the threatened suit "would have caused a condition of such financial ruin that not only he would have suffered great loss but it would have caused loss to all of his creditors." To avoid such serious consequences the appellant signed the note in suit as demanded by appellee.

We are of the opinion that the trial court did not err in striking the portion of the answer in question. There must be something more than a mere threat to sue upon an *unfounded claim* to amount to "business compulsion," though the dire effects asserted would follow the bringing of such suit.

"Unfounded" means

"(1) Unstable; untried. (2) Not founded; not built or established. (3) Having no foundation; baseless; vain; idle; as, unfounded expectations." Webster's International Dictionary.

An "unfounded claim," we conclude, is one without foundation in fact or law. Fenwick Shipping Co. v. Clarke Brothers, 133 Ga. 43, 65 S.E. 140.

A large per cent of contested suits are lost because alleged causes of action are based on "unfounded claims" as that phrase is herein defined. The appellee was in no different situation than thousands of litigants who have lost cases for the same reason. He had a right to sue or threaten suit on the unfounded claim and the appellant to defend against it. There are some general statements by courts and text writers to the effect that if such threats are made in bad faith or without probable cause, and with no belief in the existence of a cause of

action, contracts induced thereby are voidable, and are subject to cancellation. 5 Williston on Contracts, Sec. 1606; Restatement of Law of Restitution Sec 71–a and comment. There is no charge here that the appellee acted in bad faith, or that he had no belief in the existence of a cause of action; assuming that such allegations would have been sufficient as against the motion to strike.

We have found no case involving similar facts which holds that the law of business compulsion applies thereto, and the appellant cites none. He does cite the following cases, apparently for the purpose of supporting the rule relied upon: Winget v. Rockwood, 8 Cir., 69 F.2d 326; Bartlett v. Richardson Co., 27 Ohio App. 263, 161 N. E. 403; Gray v. Shell Petroleum Corp., 212 Iowa 825, 237 N.W. 460; Metro-Goldwyn-Mayer, etc., Corp. v. Cocke, Tex.Civ.App., 56 S.W.2d 489; Kansas City M. & O. R. Co. v. Graham & Price, Tex.Civ.App., 145 S.W. 632; Stanford v. United States Inv. Corp., Tex.Civ.App., 272 S.W. 568; Ramp Buildings Corp. v. Northwestern Bldg. Co., 164 Wash. 603, 4 P.2d 507, 79 A.L.R. 651.

The case of Ramp Buildings Corp. v. Northwestern Bldg. Co., supra, was a case of "business compulsion." As here, a demurrer to the answer was sustained but the facts alleged were entirely different. The defendant in that suit had commenced the construction of a garage that would cost upwards of $115,000, and had made arrangements to borrow $75,000, secured by a mortgage on the property. The plaintiff, who claimed patents covering a system of staggered floor and ramp building construction useful in garages, notified the defendant and the mortgagee that it claimed defendant was using a system of construction which was included within the patents mentioned, and threatened that if he did not sign a contract to secure a right to the use of its patents the plaintiff would cause the mortgagee to refuse to furnish any further money and thereby prevent the construction of the building. The defendant was unable to continue the construction of his building, on which he had spent a large sum of money, without securing the proposed mortgage funds and was faced with bankruptcy. Under such compulsion he agreed to pay $3465 for a license to use plaintiff's patents. He denied that plaintiff's patents were valid; he also denied that he had in any manner infringed upon such patents if valid. Under these facts it was held that the agreement to pay the license fee was obtained by business compulsion.

It was held in each of the other cases cited by appellee that the facts did not warrant a holding that the complainant's free will to contract was overcome by business compulsion. None of them support appellant's theory of the law.

■ Each case of this kind must stand upon its own facts. But it may be said that as a general rule a mere threat to sue upon a claim, though unfounded, in which no person or property is otherwise involved,

is not actionable duress or business compulsion, notwithstanding such threatened suit, if instituted, would have an injurious effect upon the credit of the person sued. Clarke v. Bolpa Bros., 51 Cal.App.2d 173, 124 P.2d 377; Gray v. Shell Pet. Corp., supra; Bartlett v. Richardson, supra; Paulson v. Barger, 132 Iowa 547, 109 N.W. 1081; Stanford v. United States Inv. Corp., supra; Dale v. Simon, Tex.Com.App., 267 S.W. 467; 10 C.J.S., Bills and Notes, § 492, subsec. b.

The following cases are illustrative of what is meant by "business compulsion": Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315; Hartsville Oil Mill v. United States, 271 U.S. 43, 46 S.Ct. 389, 70 L.Ed. 822; Lonergan v. Buford, 148 U.S. 581, 13 S.Ct. 684, 37 L.Ed. 569; Union Pacific R. Co. v. Public Service Comm., 248 U.S. 67, 39 S.Ct. 24, 63 L.Ed. 131; Harris Trust & Sav. Bank v. Keig, 7 Cir., 98 F.2d 952; Swift & Courtney & Beecher Co. v. United States, 111 U.S. 22, 4 S.Ct. 244, 28 L.Ed. 341; Ramp Bldg. Corp. v. Northwestern Bldg. Co., supra, and note in 79 A.L.R. p. 655; Baldwin v. Village of Chesaning, 188 Mich. 17, 154 N.W. 84, Ann.Cas.1918B, 512. Also see 5 Williston on Contracts, Rev.Ed., Sec. 1606; Restatement of Law of Restitution, Sec. 71; 3 Pomeroy's Equity Jurisprudence, 5th Ed., Sec. 950a and note.

The judgment of the district court should be affirmed, and it is so ordered.

MABRY, C. J., and SADLER, BICKLEY, and LUJAN, JJ., concur.