459 P.2d 842

**PECOS CONSTRUCTION CO., Inc., Plaintiff-Appellee,**

v.

**MORTGAGE INVESTMENT COMPANY OF EL PASO, Defendant-Appellant.**

**No. 8814.**

*Supreme Court of New Mexico.*

Oct. 10, 1969.

Sanders & Bruin, B. R. Baldock, Roswell, for appellant.

Glenn G. Stiff, Roswell, for appellee.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Chaves County, New Mexico. Plaintiff Pecos Construction Co., Inc., alleged business duress and compulsion exercised by defendant Mortgage Investment Company of El Paso. The court, sitting without a jury, awarded judgment to the plaintiff in the amount of $23,740.38, plus interest and costs.

The facts giving rise to this cause are as follows. On June 2, 1967, defendant Mortgage Investment agreed in writing to furnish the interim financing to plaintiff Pecos Construction for the construction of a $1,600,000 housing project in Hobbs, New Mexico. Under the agreement, Mortgage Investment was to receive a fee of 2% of the mortgage amount or $32,000, plus 6% interest on all advances. On September 22, 1967, the F.H.A. issued to Mortgage Investment its commitment to insure advances of $1,625,800 and initial closing was set by F.H.A. for October 12, 1967. Once the commitment for the issuance of advancements was issued, it would continue in force and effect for 120 days after date of issuance, during which time F.H.A. would not issue a commitment to another lender for the same project.

Between June 2, 1967, and October 13, 1967, Pecos Construction had expended considerable sums of money on the planning stages of the project. On the latter date, contrary to the agreement of June 2, 1967, Mortgage Investment declared it

would not serve as mortgagee or furnish the financing unless Pecos Construction paid to Mortgage Investment an additional sum of $32,000 (2% of the amount of the project mortgage), over and above the compensation previously agreed to (2% of the amount of the project mortgage and 6% simple interest on all advances).

On October 12, 1967, John Karnett or Standard Mortgage Investment Company (no relation to appellant) had a claim against Mortgage Investment for one-half of the mortgagee's fee of $32,000, or $16,-000, which claim Standard Mortgage Investment Company refused to release unless it was paid in settlement the sum of $12,000. The trial court found that Mortgage Investment refused to transfer its agreement with Pecos Construction to another lender to furnish the construction funds, unless Pecos Construction would agree to pay the $12,000 which Mortgage Investment owed to Standard Mortgage Investment Company. At no time was Pecos Construction ever indebted to Mortgage Investment or to Standard Mortgage Investment Company.

Pecos Construction paid the $12,000, plus accrued interest totaling $642.12, to Standard Mortgage Investment Company, which payment Pecos Construction alleges was under duress amounting to business compulsion. Pecos Construction contends that, as a result of the refusal of Mortgage Investment to provide the construction funds and its refusal to release the commitment to another lender, Pecos Construction suffered damages due to the delay in the start of construction.

Appellant Mortgage Investment contends:

"I. THE TRIAL COURT ERRED IN FINDING AND CONCLUDING THAT THE COMPROMISE, SETTLEMENT, AND RELEASE WERE ENTERED INTO BY THE PLAINTIFF DUE TO COERCION AND COMPULSION, AND THEREFORE, THE COMPROMISE AND SETTLEMENT AND RELEASE ARE INVALID.

"II. THE COURT ERRED IN CONCLUDING THAT THE PROPER MEASURE OF DAMAGES WAS THE SUM OF $10,084.00 FOR LOSS DUE TO DELAY OF CONSTRUCTION, TOGETHER WITH $1,656.38 FOR COSTS."

The main issue in this case is whether duress, amounting to business compulsion, was practiced upon Pecos Construction. We hold that it was. From the facts found, the trial court concluded that Pecos Construction's agreement to pay Standard Mortgage Investment Company was intentionally and wrongfully extracted from it by Mortgage Investment, and that there was no consideration for the agreement. Mortgage Investment contends that, as in Donald v. Davis, 49 N.M. 313, 163 P.2d 270 (1945), although their claim may have been "unfounded," the consideration for the settlement was a good faith settlement of an unfounded claim and that such is not business duress. Contrary to Mortgage Investment's request, however, the trial court did not find that a bona fide dispute existed and did not find that Mortgage Investment was acting in good faith in obtaining the agreement.

Restatement of Contracts § 492, reads in part as follows:

"Duress in the Restatement of this Subject means

"(a) any wrongful act of one person that compels a manifestation of apparent assent by another to a transaction without his volition, or"

Hellenic Lines Ltd. v. Louis Dreyfus Corp., 372 F.2d 753, 757 (2d Cir. 1967); Dunbar v. Dunbar, 102 Ariz. 352, 429 P.2d 949, 952 (1967); Odorizzi v. Bloomfield School Dist., 246 Cal.App.2d 123, 54 Cal.Rptr. 533, 538 (1966); Mountain Electric v. Swartz, 87 Idaho 403, 393 P.2d 724, 729, 731 (1964); S. P. Dunham & Co. v. Kudra, 44 N.J. Super. 565, 131 A.2d 306, 309–312 (1957).

See also 79 A.L.R. Business Compulsion 655, at 657.

In Starks v. Field, 198 Wash. 593, 89 P.2d 513 (1939), it is said:

"Business compulsion, sometimes referred to as economic duress or economic compulsion, while differing somewhat from the common-law duress, is a species of duress involving involuntary action in which one is compelled to act against his will in such a manner that he suffers a serious business loss or is compelled to make a monetary payment to his detriment."

See also 25 Am.Jur.2d Duress and Undue Influence § 6, at 361.

This rule has been recognized as business compulsion in Inland Empire Refineries v. Jones, 69 Idaho 335, 206 P.2d 519 (1949); Illinois Merchants' Trust Co. v. Harvey, 335 Ill. 284, 167 N.E. 69 (1929); Ramp Buildings Corp v. Northwest Building Co., 164 Wash. 603, 4 P.2d 507, 79 A.L.R. 651 (1931); Marrazzo v. Orino, 194 Wash. 364, 78 P.2d 181 (1938).

In an early case this court recognized duress amounting to economic compulsion, Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315 (1915), wherein there was cited with approval the case of Robertson v. Frank Brothers Co., 132 U.S. 17, 10 S.Ct. 5, 33 L.Ed. 236 (1889), as follows:

" 'When such duress is exerted under circumstances sufficient to influence the apprehensions and conduct of a prudent business man, payment of money wrongfully induced thereby ought not to be regarded as voluntary. But the circumstances of the case are always to be taken into consideration.' "

See also Fruhauf Southwest Garment Co. v. United States, 111 F.Supp. 945, 126 Ct.Cl. 51 (1953). Tested by this rule, the facts of the case before us establish duress amounting to business or economic compulsion.

■ The modern tendency is to regard any transaction as voidable if one not bound to enter into it was coerced into doing so by the wrongful act of another. Annot. 79 A.L.R. 655, supra; Avallone v. Elizabeth Arden Sales Corporation, 344 Mass. 556, 183 N.E.2d 496 (1962); Mendelson v. Blatz Brewing Co., 9 Wis.2d 487, 101 N.W.2d 805 (1960).

■ Fear of an economic loss is a form of duress; thus, a party is not bound by a contract he entered into because of such fear. King Construction Co. v. W. M. Smith Electric Co., 350 S.W.2d 940 (Tex. Civ.App. 1961).

■ Mortgage Investment contends that Pecos Construction had an adequate remedy at law in that it could sue for damages and that it exerted its "freedom of choice" by paying the $12,000 as a negotiated settlement. With this we cannot agree, Cadwell v. Higginbotham, supra, wherein it is stated:

" 'There is a class of cases, however, where, although there is a legal remedy, his situation or the situation of his property is such that it would not be adequate to protect him from irreparable injury, in which case payment will be deemed to have been involuntary.' ":

If Pecos Construction had sued for damages in lieu of paying the $12,000, its loss due to delay, no doubt, would have been far greater.

■ Mortgage Investment further contends that Pecos Construction and Standard Mortgage Investment Company entered into a valid compromise and settlement. This contention is without merit, as Pecos Construction was forced to enter into a compromise and settlement due to the duress or economic compulsion resorted to by Mortgage Investment.

In Restatement of Contracts § 495, it is said:

"Where the duress of one party induces another to enter into a transaction, the nature of which he knows or has reason to know, and which he was under no duty to enter into, the transaction is voidable against the former and

684

all who stand in no better position, * * *."

Mortgage Investment, under point II, contends that the trial court erred in concluding that the proper measure of damages was the sum of $10,084 for loss due to delay in construction, together with $1656.38 for costs. This contention is without merit, as on breach of a contract to loan money, where special circumstances were known to both parties, as in the case before us, and from which it must have been apparent that special damages would be suffered from a failure to fulfill the obligation, such special damages may be recovered, provided such damages are not speculative or remote. 22 Am.Jur.2d Damages § 69, at 103; Price v. Van Lint, 46 N.M. 58, 120 P.2d 611 (1941), cited with approval in Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967). The record does not reveal that the special damages awarded to Pecos Construction are speculative or remote.

The findings of the trial court have ample support in the evidence. The decision of the trial court is affirmed.

It is so ordered.

NOBLE, C. J., and WATSON, J., concur.