986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation,
Plaintiff-Appellee,
and
John Rella Adams, Plaintiff,
v.
Norman C. BLANKINSHIP; Jack A. Cardwell; Basil Durwood
Reynolds, Jr., also known as B.D. Reynolds;
Rucelle Russell, Defendants,
and
Gilbert R. Russell, also known as G.R. Russell, Defendant-Appellant.
 No. 91-2098.
 United States Court of Appeals, Tenth Circuit.
 Dec. 30, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of the failure of Moncor Bank, N.A., formerly known as First National Bank of Lea County, Hobbs, New Mexico (the Bank), and the subsequent purchase of certain Bank assets by the FDIC in its corporate capacity. Defendant Gilbert R. Russell argues that the FDIC should be precluded from collecting on certain promissory notes he gave to the Bank because his real defense of duress defeats the interest of the FDIC. Because we agree with the district court that there is no genuine issue as to any material fact regarding the FDIC's claim against defendant, and that the FDIC is entitled to judgment as a matter of law, we affirm the district court.
 
 
 3
 Defendant, along with two other persons not parties to this appeal, owned and operated a truck dealership in Hobbs, New Mexico. In April 1984, defendant executed and delivered to the Bank two promissory notes payable to the order of the Bank totaling approximately $3,400,000. Appellee's Supp.App. at 123-26. In addition to the promissory notes, defendant and the Bank also entered into an agreement, dated April 12, 1984, in which the Bank agreed to dismiss pending litigation against defendant, and defendant released the Bank from any claims he might have relating to past actions of the Bank. Id. at 9-12.
 
 
 4
 In August 1985, the Office of the Comptroller of the Currency declared the Bank insolvent, ordered the Bank closed, took possession of its assets and affairs, and appointed the FDIC receiver of the Bank. The FDIC in its corporate capacity then purchased certain assets of the Bank from the FDIC as receiver, including the notes at issue here. No payment on the notes has been made since the Bank was closed, and demands made by the FDIC on defendant for payment have been unavailing. Id. at 6. The FDIC brought this action in its corporate capacity in an effort to collect on the notes. Defendant appeals from the district court's grant of summary judgment to the FDIC.
 
 
 5
 We review a grant of summary judgment de novo, applying the same standard applied by the district court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment should be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The nonmoving party may not rely solely on his pleadings, however, but must provide specific facts to support a conclusion that genuine issues exist. Abercrombie, 896 F.2d at 1230. The Supreme Court has held that to defeat a motion for summary judgment, "the nonmoving party [must] go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)).
 
 
 6
 Defendant first argues that the notes and the April 12 agreement are invalid because he executed them under duress. He argues that neither federal statutory nor federal common law insulates the FDIC from a duress defense. Without addressing the latter point, we conclude that defendant has failed to show specific facts establishing a genuine issue of duress. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).
 
 
 7
 Our review of the record reveals the following references to defendant's duress defense:
 
 
 8
 (1) a statement in defendant's answer alleging that an officer of the Bank "exert[ed] superior economic power to compel defendant[ ] ... to sign and renew promissory notes and other purported loan documents dated April 4, 1984, and a release Agreement dated April 12, 1984...." Appellant's App. at 39;
 
 
 9
 (2) statements from defendant's affidavit to the effect that he "is informed and believes" that the notes and agreement were unenforceable because of the real defense of duress; id. at 147-50;
 
 
 10
 (3) statements from the affidavit of J.A. Cardwell, a co-owner of the trucking business, stating that
 
 
 11
 in spite of my associates and I being represented by legal counsel, in the spring of 1984 I was contacted by Hal Daugherty of El Paso, Texas, a representative of the Mercantile Banking Group, from whom I and my business associates, had borrowed substantial money, with a request on behalf of Reed H. Chittim [president of the Bank and chief executive officer of First City Financial Corporation] that I enter into direct settlement talks with Reed H. Chittim the Chief Executive Officer of First City Financial Corporation, without the presence or participation of my attorney.
 
 
 12
 id. at 157; and further that
 
 
 13
 I and my business associates in the spring of 1984 because of the lending climate that then existed, were economically compelled, against our will, without the advice of counsel to execute an agreement on the 12th day of April, 1984....
 
 
 14
 id.; and finally
 
 
 15
 (4) a statement from the deposition of a co-defendant, Norman Blankinship, that his personal presence was requested to meet with Bank officials in Albuquerque and that during that meeting he was requested to sign the April 12 agreement. Id. at 166.
 
 
 16
 These conclusory allegations are insufficient to resist a motion for summary judgment. Defendant points to no specific facts demonstrating a genuine issue of duress for trial.[1] " 'Duress does not exist merely where consent to an agreement is secured because of hard bargaining positions or the pressure of financial circumstances.' " Resolution Trust Corp. v. Ruggiero, 756 F.Supp. 1092, 1095 (N.D.Ill.1991) (quoting Higgins v. Brunswick Corp., 395 N.E.2d 81, 85 (Ill.App.Ct.1979)), aff'd, 977 F.2d 309 (7th Cir.1992). Rather, the one charged with duress must be shown to be guilty of some fraud or wrongdoing. Alexander v. Standard Oil Co., 423 N.E.2d 578, 582-83 (Ill.App.Ct.1981); see also Pecos Constr. Co. v. Mortgage Inv. Co., 459 P.2d 842, 844-45 (N.M.1969) (one guilty of duress must have acted wrongfully). Defendant has not identified any specific instances of fraud or wrongdoing on the part of the Bank relating to the notes at issue here. Defendant's allusion to the Bank's greater economic strength is insufficient to substantiate a claim of coercion or duress. Alexander, 423 N.E.2d at 583. "[D]uress cannot result from the exercise of a legal right." B & W Constr. Co. v. N.C. Ribble Co., 734 P.2d 226, 228 (N.M.1987); cf. Western Bank v. Aqua Leisure, Ltd., 737 P.2d 537, 540 (N.M.1987) ("Agreeing to forbear from collection action on a delinquent account in exchange for a guaranty does not constitute economic coercion or duress."). Because we conclude that defendant has not raised any specific facts supporting a duress defense, we need not address his argument regarding the FDIC's status as a holder in due course.
 
 
 17
 Defendant also argues that the notes here are unenforceable because they are the result of an illegal tying agreement prohibited by the Bank Holding Company Act, 12 U.S.C. §§ 1971-1978. We initially note that much of defendant's anti-tying argument is directed to the circumstances surrounding the 1982 purchase of stock in First City Financial Corporation. As we have determined, those circumstances are irrelevant to the enforceability of the notes at issue here. However, defendant also contends that the releases contained in the April 12 agreement somehow evidence an illegal tying scheme. Appellant's Br. at 10. To prevail on a claim of illegal tying, defendant "must show that the practice complained of is anticompetitive, that the practice results in unfair competition or could lessen competition, and that the practice benefits the bank in some way other than merely allowing the bank additional asset protection." Palermo v. First Nat'l Bank & Trust Co., 894 F.2d 363, 368 (10th Cir.1990). Defendant has failed to make a sufficient showing on any of these factors. The Bank's requirement that defendant, in return for renegotiating past due indebtedness, release it from any claims relating to past actions of the Bank, was not improper:
 
 
 18
 As a condition to renegotiating debts, banks can properly require additional collateral and impose other terms designed to ensure payment of the extended loans. Banks can and should also be allowed to require their debtors to waive defenses to those debts. Such a condition is a legitimate attempt by a bank to protect its investment. After all, the debtor is asking the bank to put off enforcing its rights, and the bank should be entitled to ask for reciprocal concessions.
 
 
 19
 FDIC v. Linn, 671 F.Supp. 547, 562 (N.D.Ill.1987) (citation omitted). We therefore agree with the district court that there is no genuine issue as to any material fact in this case and that the FDIC is entitled to judgment as a matter of law. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant goes to some length in his brief to detail circumstances surrounding a transaction that allegedly occurred in 1982 in which he and others were coerced by the Bank into purchasing shares in the soon-to-be-formed First City Financial Corporation, an entity that eventually became the holding company for the Bank. Defendant states that the Bank threatened to call his loan and those of the other parties to the transaction if they did not purchase the stock. The stock was paid for with promissory notes in the amount of $150,000 each, payable to Security National Bank in Lubbock, Texas. There is no indication in the record, however, that these notes were in any way related to the notes that are the subject of this appeal