## UNITED STATES v. BERMAN.
### No. 265.

Circuit Court of Appeals, Second Circuit.
July 25, 1938.

Lamar Hardy, U. S. Atty., of New York City (Leo C. Fennelly, Richard J. Burke, and Frank H. Gordon, Asst. U. S. Attys., all of New York City, of counsel), for the United States.

Samuel H. Kaufman, of New York City (Abraham C. Berman, Samuel H. Kaufman, and Eugene M. Parter, all of New York City, of counsel), for defendant.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant was tried and convicted with others on an indictment charging violations of the mail fraud statute, Sec. 388 of Title 18 U.S.C.A., and for conspiring so to do in violation of Sec. 88 of Title 18 U.S.C.A. He was sentenced to a term of imprisonment on each of several counts and then the execution of his sentence was suspended and he was placed on probation for two years. His former appeals were dismissed. See, United States v. Berman, 2 Cir., 88 F.2d 645. The Supreme Court having held that the judgment first imposed was appealable and that the second appeal only should have been dismissed, Berman v. U. S., 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204, his appeal from such sentence is now here for consideration on the merits. For a sufficient statement of the general facts relating to the crime charged reference is made to our former opinion in United States v. Rollnick et al., 2 Cir., 91 F.2d 911, where the conviction of other defendants was affirmed.

The sole ground for reversal now urged is that there was insufficient evidence to support the verdict as to this appellant. There was ample evidence of the conspiracy and of the actual violations of the mail fraud statute by the others convicted and it was equally well established that this appellant acted primarily as the attorney representing Rollnick, the man who played the guiding, though somewhat concealed, part in perpetuating the fraud. Appellant assisted in the legal work done in arranging the set-up on which the fraudulent stock selling was based. Were his guilt shown only by general inference, it might well be that he was not proved guilty beyond a reasonable doubt for he could possibly have been in the unlikely position of an innocent legal advisor who had no knowledge that a fraudulent stock jobbing operation was afoot. The nature of the business, however, and the extent of his participation in the legal part of it could have left him an innocent actor only if he were but a guileless soul. However that may be, his conviction by no means rests on such intangible considerations.

This appellant had been admitted to the bar in Massachusetts in 1907. In 1919 he was engaged in the moving picture business. In 1929 he organized and operated a firm engaged in buying and selling securities under the name of Berman Thompson & Co. In 1931 he resumed the practice of law and was admitted to the bar in the State of New York. He organized Rayon Industries Corporation and First Continental Corporation for Rollnick. He advanced $400.00 to Vance to open the office of the First Continental Corporation and conferences were held in his office regarding the listing of the stock of Rayon Industries on the Produce Exchange. He bought and sold some of the stock as Rollnick directed. He filed the

partnership certificate for Marshall Ward and to cap the climax he actively aided in the concealment of Rollnick's connection with the scheme to avoid the suspicion it was thought that would cast upon it.

When the New York Attorney General was investigating the sales of Rayon Industries Corporation stock in June 1933, he summoned Vance to appear to testify. Vance went first to Berman's office where he met Berman and another attorney. These two attorneys coached him as to the testimony he should give and told him to testify falsely at the hearing. He did testify falsely in accordance with Berman's instructions. While Berman testified at his trial that he did not tell Vance to commit perjury, there was direct evidence that he did. That made the fact an issue for the jury. Reuben v. United States, 7 Cir., 86 F.2d 464. This subornation of perjury could not have been an innocent act. It was an act in direct aid of the fraudulent business and of such a character that appellant's guilty participation in the scheme cannot reasonably be doubted.

Judgment affirmed.