# NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY COMPANY *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

Submitted January 9, 1885.—Decided January 26, 1885.

A decree in equity, by consent of parties, and upon a compromise between them, is a bar to a subsequent suit upon a claim therein set forth as among the matters compromised and settled, although not in fact litigated in the suit in which the decree was rendered.

A decree in a suit in equity by the United States against a railroad corporation in Tennessee, appearing upon its face to have been by consent of parties, and confirming a compromise of all claims between them before June 1, 1871, including any claim of the corporation against the United States

for mail service, is a bar to a suit by the corporation in the Court of Claims for mail service performed before the war of the rebellion, although at the time of the decree payment to it of any claim was prohibited by law, because of its having aided the rebellion.

This was a petition in the Court of Claims to recover compensation for carrying the United States mails between certain places in Tennessee from March 31 to June 8, 1861. The material facts, as found by that court, were as follows:

The petitioner, a corporation under the laws of Tennessee, on May 27, 1858, entered into contracts with the United States in the usual form to transport the mails both ways between Nashville and Chattanooga and between Tullahoma and McMinnville for four years from July 1, 1858, at the yearly compensation of $32,750, payable quarterly; carried mails accordingly for the United States until June 8, 1861; from that date began carrying the mails for the Confederate Government, and was also largely engaged during the rebellion in transporting troops, supplies and munitions of war, as well as mails for that government, and was regularly paid therefor, but was not paid for the claim set up in this suit. The rest of the finding of facts was in the following words:

"In 1871 a bill in equity, filed in behalf of the United States against the Nashville and Chattanooga Railway Company, was pending in the United States Circuit Court for the Middle District of Tennessee, to enforce certain demands of the United States against said company. In pursuance of an agreement between and by cons it of the parties to the suit, the decree hereinafter set forth was entered in said court. The cause of action now pending in this court was not a subject of litigation in the Circuit Court. The company there did not set up as a set-off or cross-action any demand for mail transportation accruing before or since the war. And in the negotiations which led to the decree above mentioned the claim which forms the subject matter of this action was not mentioned by either party. The following is the decree above described:

"Be it remembered that on the 10th day of November, 1871, this cause was heard before the Judges of the Circuit Court of

the United States for the Middle District of Tennessee, at Nashville, upon its equity side, upon the bill of complaint, exhibits, previous proceedings, and agreement of parties, in the presence of R. McPhail Smith, United States district attorney, representing the complainant, and E. H. Ewing and W. F. Cooper, solicitors of the defendant, when it appeared to the court that since the last term, in and by virtue of an act of Congress in that behalf, a compromise of all the matters in litigation between the parties had been entered into and fully consummated upon the following terms, stipulations and conditions, namely : The defendant, the Nashville and Chattanooga Railway Company, for and in consideration of the return and surrender to it, by the United States, of its road as it existed at the time of the said return and surrender, with all the iron, crossties, bridges, and other fixtures, appurtenances and effects in any wise appertaining and belonging to the said road, and returned, surrendered and turned over therewith, and for and in consideration of the rolling stock, depot houses, and all other property and effects sold and delivered by the United States to the said defendant, and for which compensation is claimed by said bill, and for and in consideration of the transfer and assignment of said road, rolling stock, fixtures, appurtenances, and all other said property and effects as aforesaid by the United States to the said defendant, with all the rights of the United States therein, acquired by conquest or otherwise, and for and in consideration of the settlement, satisfaction and discharge of all mutual claims and accounts between the parties, as they existed on the 1st day of June, 1871, admitted that there was due from the defendant to the United States on that day the sum of one million of dollars, and agreed to pay the same as follows: One half of said sum, five hundred thousand dollars, to be paid ten years after the 1st of June, 1871, and the other half twenty years from said date, with interest upon the whole of said principal sum, until paid, at the rate of four per cent. per annum, payable semi-annually on the 1st day of December and June, counting from the 1st of June, 1871, the said principal and interest made payable at ——, and secured by the bonds of the Nashville and Chattanooga Railroad Com-

pany, and a mortgage on the company's road, property, income, and franchise.

"It was further agreed that a final decree might be entered in this cause, setting forth the terms of the compromise, and providing that, in case of default for more than ninety days in the payment of any instalment of interest as the same falls due, or any part thereof, or of the principal debt at maturity as aforesaid, or any part thereof, the sum in default might be collected by an execution of the decree.

"It further appearing by the admissions of the parties by their solicitors in open court, that this compromise has been carried out by the execution by the Nashville and Chattanooga Railroad Company of its bonds, with interest coupons attached as agreed upon, and by the further execution of a satisfactory mortgage of the road, property, income and franchises to secure the said bonds and coupons, according to the terms of the agreement, and the delivery thereof to, and acceptance thereof by, the United States. It is, therefore, by consent of parties ordered, adjudged and decreed, that the compromise as aforesaid be entered and made the decree of this court, and that the rights of the parties be, and they are hereby, declared adjudged and decreed accordingly.

"That the said Nashville and Chattanooga Railroad Company take their road and all its appurtenances as aforesaid, and all the rolling stock, property and effects as aforesaid, with all the rights of the United States therein, free from all claim or demand of the United States, and subject only to the debt and lien secured by the said agreement of compromise and of this decree.

"And it is further found by the court, in accordance with the terms of said agreement of compromise and settlement, that there was due from the defendant to the United States on the 1st day of June, 1871, for and on account of the claim set forth in the bill of complaint, after allowing all credits thereon for services rendered by the defendant, to and for the use of the complainant, for mail service, or military transportation, or on any other account, prior to the day last aforesaid, a balance amounting to the sum of one million dollars, to bear interest

from said day at the rate of four per cent. per annum, payable semi-annually on the 1st day of June and December of each year, one half of said principal, to wit, the sum of five hundred thousand dollars, to be paid on the 1st day of June, 1881, and the remainder thereof, to wit, the sum of five hundred thousand dollars, to be paid on the 1st day of June, 1891.

" It is therefore ordered, adjudged and decreed, that the defendant pay to the complainant the said sum so as aforesaid found due, with the interest thereon as the same accrues, and that the said sums of principal and interest thereon as aforesaid, and the payment thereof as hereby ordered, stand as a charge and lien upon the road and property of the defendant, hereinbefore described, and upon the road, property, income and franchises as set forth in the mortgage which has been executed in compliance with the agreement of compromise; and that if at any time hereafter the said Nashville and Chattanooga Railroad Company make default for the period of ninety days in the payment of any of the instalments of interest or of principal of said debt, or of any part thereof, after the same shall have become due and payable according to the terms and effect of said bonds and coupons, then the United States, on filing with the clerk of this court any of said coupons or bonds past due and unpaid for ninety days, shall have the right to have issued an order for the execution of this decree to the extent of such default by the sale of the railroad and other property of the defendant as hereinbefore described, subject to the continued lien of this decree and of the said bond and mortgage representing the same debt as to the amount thereof then remaining and not due at the time of said sale, the said sale to be made as other sales of real estate under judicial process as required by law and the practice of this court to be made, and for this purpose this cause is retained in court until otherwise ordered.

" It is further ordered that defendant pay all costs of this cause, including the cost of this decree, and in default thereof execution is hereby awarded."

Upon the foregoing facts the Court of Claims concluded as matter of law, and adjudged, that the petition be dismissed. 19 C. Cl. 476. The petitioner appealed to this court.

*Mr. Charles F. Benjamin* for appellant.

No appearance for appellee.

MR. JUSTICE GRAY delivered the opinion of the court. He recited the facts in the foregoing language, and continued:

The grounds on which the appellant contends that the claim now asserted is not barred by the decree rendered in 1871 in the former suit in the Circuit Court, resolve themselves into these two: First. That it is found as a fact that this claim was not litigated in that suit. Second. That it could not have been considered in that suit, because the facts show that the appellant aided in sustaining the rebellion, and therefore, as matter of law, payment to it of any claim against the United States was prohibited by the joint resolution of March 2, 1867, No. 46, and was not authorized until the passage of the act of March 3, 1877, ch. 105, more than five years after that decree. 14 Stat. 571; 19 Stat. 344, 362.

But the insurmountable difficulty is, that the former decree appears upon its face to have been rendered by consent of the parties, and could not therefore be reversed, even on appeal. Courts of chancery generally hold that from a decree by consent no appeal lies. 2 Dan. Ch. Pract. ch. 32, § 1; *French* v. *Shotwell*, 5 Johns. Ch. 555; *Winchester* v. *Winchester*, 121 Mass. 127. Although that rule has not prevailed in this court under the terms of the acts of Congress regulating its appellate jurisdiction, yet a decree, which appears by the record to have been rendered by consent, is always affirmed, without considering the merits of the cause. *A fortiori*, neither party can deny its effect as a bar of a subsequent suit on any claim included in the decree.

The decree of 1871 states that, "in and by virtue of an act of Congress in that behalf, a compromise of all the matters in litigation between the parties has been entered into and fully consummated upon the following terms, conditions and stipulations:" that one of the considerations for the sum of $1,000,000, thereby agreed to be paid and secured by the Nashville and Chattanooga Railroad Company to the United

States, was "the settlement, satisfaction and discharge of all mutual claims and accounts between the parties, as they existed on the first day of June, 1871:" that by the terms of the compromise "there was due from the defendant to the United States on the first day of June, 1871, for and on account of the claim set forth in the bill of complaint, after allowing all credits thereon for services rendered by the defendant, to and for the use of the complainant, for mail service, or military transportation, or on any other account, prior to the day last aforesaid, a balance amounting to the sum of one million dollars:" and that by consent of the parties, and in accordance with the compromise, it is so decreed.

The act of Congress to which the decree refers authorized the Secretary of War, with the advice of the counsel for the United States in that suit, "to compromise, adjust and settle the same upon such terms, as to amount and time of payment, as may be just and equitable, and best calculated to protect the interests of the government." Act of March 3, 1871, ch. 109, 16 Stat. 473. The terms of the compromise, as set forth in and confirmed by the decree, expressly included all credits for services rendered by the railroad company to and for the use of the United States, for mail service or on any other account, prior to June 1, 1871. The claim now asserted was for such a service, and was not the less within the terms and effect of the compromise and decree, because the law at that time prohibited its payment to the railroad company.

*Judgment affirmed.*