## UNION PACIFIC RAILROAD COMPANY *v.* PUBLIC SERVICE COMMISSION OF MISSOURI.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 65.  Argued November 19, 20, 1918.—Decided December 9, 1918.

A Utah corporation, operating an extensive railroad through several States, with but slight mileage, and small proportion of its property, and no intrastate business, in Missouri, seeking to issue over $30,000,000 bonds under mortgage of its whole line to meet expenditures incurred but in small part in that State, was charged for the privilege, by a Missouri commission, over $10,000, calculated by a percentage of the entire issue. *Held,* a direct, unconstitutional interference with interstate commerce.  P. 69.

This court must examine for itself whether there is any basis in fact for a finding by a state court that a constitutional right has been waived.  P. 69.

Where a State exacted an unconstitutional fee for a certificate of authority to issue railroad bonds, under statutes threatening heavy penalties and purporting to invalidate the bonds, and so rendering them unmarketable, if the certificate were not obtained, *held,* that application for and acceptance of the certificate, with payment under protest, were made under duress.  P. 70.

268 Missouri, 641, reversed.

THE case is stated in the opinion.

*Mr. N. H. Loomis,* with whom *Mr. Henry W. Clark* was on the briefs, for plaintiff in error.

*Mr. A. Z. Patterson,* with whom *Mr. Wm. G. Busby* and *Mr. James D. Lindsay* were on the brief, for defendant in error:

This court has no jurisdiction because the alleged federal question did not control nor even affect the decision of the state court.  This court has repeatedly

ruled that where a state court has decided against the plaintiff in error on a matter of general law broad enough to sustain the judgment, this court will not consider the federal questions, even in cases where the state court actually considered and decided such questions adversely to plaintiff in error's contention.

Mr. Justice Holmes delivered the opinion of the court.

This case concerns the validity of a charge made by the Public Service Commission of Missouri for a certificate authorizing the issue of bonds secured by a mortgage of the whole line of the Union Pacific road. The statutes of Missouri have general prohibitions against the issue of such bonds without the authority of the Commission, impose severe penalties for such issue and purport to invalidate the bonds if it takes place. Moreover the bonds would be unmarketable if the certificate were refused. Upon these considerations the plaintiff in error applied, in all the States through which its line passed, for a certificate authorizing the issue of bonds to the amount of $31,848,900. The Missouri Commission granted the authority and charged a fee of $10,962.25. The Railroad Company accepted the grant as required by its terms, but protested in writing against the charge as an unconstitutional interference with interstate commerce, and gave notice that it paid under duress to escape the statutory penalties and to prevent the revocation of the certificate. It moved for a rehearing on the ground that the statutes of Missouri, if they gave the Commission jurisdiction, did not purport to authorize the charge, or, if they did purport to do so and to invalidate an issue without the Commission's assent, were in conflict with the Constitution of the United States. The rehearing was denied and thereupon the Railroad, pursuant to state law, applied to a local Court for a certiorari to set

the Commission's judgment aside as an interference with interstate commerce and as bad under the Fourteenth Amendment. The Court decided that the charge was unreasonable and that the minimum statutory fee of $250 should have been charged. On appeal by the Commission the Supreme Court held the Railroad estopped by its application, reversed the Court below and upheld the charge. 268 Missouri, 641.

The Railroad Company is a Utah corporation having a line over thirty-five hundred miles long, extending through several States, from Kansas City, Missouri, and elsewhere, to Ogden, Utah. It has only about six-tenths of one mile of main track in Missouri, and its total property there is valued at a little more than three million dollars, out of a total valuation of over two hundred and eighty-one millions. The bonds were to reimburse the Company for expenditures of which again less than one hundred and twenty-five thousand dollars had been made in Missouri. The business done by the Railroad in Missouri is wholly interstate. On these facts it is plain, on principles now established, that the charge, which, in accordance with the letter of the Missouri statutes, was fixed by a percentage on the total issue contemplated, was an unlawful interference with commerce among the States. *Looney* v. *Crane Co.*, 245 U. S. 178, 188. *International Paper Co.* v. *Massachusetts*, 246 U. S. 135.

The Supreme Court of the State avoided this question by holding that the application to the Commission was voluntary and hence that the Railroad Company was estopped to decline to pay the statutory compensation. It is argued that a decision on this ground excludes the jurisdiction of this Court. But the later decisions show that such is not the law and that on the contrary it is the duty of this Court to examine for itself whether there is any basis in the admitted facts, or in the evidence when the facts are in dispute, for a finding that the federal

right has been waived. *Creswill* v. *Knights of Pythias*, 225 U. S. 246. Were it otherwise, as conduct under duress involves a choice, it always would be possible for a State to impose an unconstitutional burden by the threat of penalties worse than it in case of a failure to accept it, and then to declare the acceptance voluntary, as was attempted in *Atchison, Topeka & Santa Fe Ry. Co.* v. *O'Connor*, 223 U. S. 280.

On the facts we can have no doubt that the application for a certificate and the acceptance of it were made under duress. The certificate was a commercial necessity for the issue of the bonds. The statutes, if applicable, purported to invalidate the bonds and threatened grave penalties if the certificate was not obtained. The Railroad Company and its officials were not bound to take the risk of these threats being verified. Of course, it was for the interest of the Company to get the certificate. It always is for the interest of a party under duress to choose the lesser of two evils. But the fact that a choice was made according to interest does not exclude duress. It is the characteristic of duress properly so called. *The Eliza Lines*, 199 U. S. 119, 130, 131. If, as may be, the Supreme Court of the State regards or will regard this statute as inapplicable, *Public Service Commission* v. *Union Pacific R. R. Co.*, 271 Missouri, 258, probably the State would not wish to retain the charge, but we repeat, the Railroad Company was not bound to take the risk of the decision, and no proceeding has been pointed out to us by which it adequately could have avoided evils that made it practically impossible not to comply with the terms of the law, *Atchison, Topeka & Santa Fe Ry. Co.* v. *O'Connor*, 223 U. S. 280, 286.

*Judgment reversed.*