## RECTOR v. SUNCREST LUMBER CO.
### No. 3181.

Circuit Court of Appeals, Fourth Circuit.

Oct. 12, 1931.

John H. Cathey, of Asheville, N. C., for appellant.

Thomas L. Johnson, J. Bat Smathers, and Thomas S. Rollins, Jr., all of Asheville, N. C., for appellee.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

James E. Rector of North Carolina brought a suit, subsequently removed to the District Court, against the Suncrest Lumber Company, a Delaware corporation, to recover the sum of $14,522.28. He charged that under duress he had paid the company $7,261.14 as interest on a debt at an illegal and usurious rate, and that he was therefore entitled, under the provisions of section 2306 of the Consolidated Statutes of North Carolina, to recover back twice the amount paid. The company filed an answer denying the charge. A jury trial was waived and the parties agreed that the District Judge should find the facts and render judgment thereon as if they had been found by a jury. The District Judge found the facts in substance as follows:

The suit grew out of a written contract of March 27, 1923, wherein the company agreed to sell certain land to Rector for $75,000, of which Rector paid $10,000 in cash and agreed to pay the balance of $65,000 on June 27, 1923, with interest at 6 per cent. per annum. He failed to make the deferred payment as agreed, and on May 4, 1924, the company brought a suit in equity against him in the court below demanding judgment for $65,000 and interest, and praying that the land be sold to satisfy the debt. An answer was filed admitting the debt, and on August 11, 1925, a decree was passed wherein it was adjudicated that the company recover from Rector $65,000 with interest at the rate of 3 per cent. from March 27, 1923, to July 31, 1925, and thereafter at the rate of 6 per cent. per annum with costs; but he was allowed until January 5, 1926, to pay the money. It was further decreed that if he should fail to make the payment on or before January 5, 1926, the land should be sold at public auction by a special master named in the decree. Rector failed to pay, as decreed, and the spe-

cial master accordingly advertised a sale of the land to take place on March 1, 1926. During the interval Rector resold the land to one Byrd for $100,000 and secured from Byrd $73,346.66, a sum of money sufficient to pay the indebtedness with interest, and the court costs and expenses of the sale estimated at $1,500, and on March 1, 1926, before the sale took place, deposited the money with the clerk of the court for the use and benefit of the company. Rector then appeared at the place of sale, announced the deposit, and objected to the sale taking place. But the company persisted in the sale and bid in the property for $77,000. The special master filed his report of sale on March 4, 1926. On March 18, 1926, before the expiration of the time for final confirmation of the sale, Rector entered into an agreement with the company under which he agreed to pay to the company $77,000, the amount of its bid, on condition that the company give him a deed in fee simple to the land. This agreement was fully performed by the parties; and Rector, having secured a deed to the property, conveyed it in turn to Byrd. Afterwards, on April 9, 1926, a decree was entered in the foreclosure suit, by consent of the parties, wherein it was recited that all matters in controversy between the parties had been fully compromised and settled, and it was adjudicated that the judgment of August 11, 1925, be set aside, the sale by the special master be declared null and void, and the suit be dismissed.

Upon this state of facts, the District Judge concluded that if Rector had felt aggrieved at the action of the company in going on with the sale despite his deposit and protest, he should have filed exceptions to the sale; but instead, having voluntarily agreed to pay $77,000 for the land as aforesaid, and having consented to the final judgment of April 9, 1926, he was conclusively barred from bringing the pending suit. Accordingly, the District Judge held that the company was not indebted to Rector and judgment was entered for the company with costs. From this judgment Rector has appealed.

He claims that the evidence showed that the entire indebtedness with interest to July 31, 1925, as fixed by the decree of August 11, 1925, together with costs of suit, did not exceed $69,738.86; nor was it more than $72,013.86 on March 1, 1926, when the deposit was made with the clerk of the court, or more than $72,414.69 on April 8, 1926, when the final settlement was made; but he says that he was compelled to pay $77,000 to get his property, a sum which included excessive illegal and usurious interest, and that therefore he is entitled under the North Carolina statute to recover back twice the amount of interest paid in a claim in the nature of an action for debt, that is, twice the difference between $77,000 and $69,738.86, or $14,522.28. He further contends that the evidence shows: (1) That the final agreement of settlement was not voluntarily made, as found by the District Judge, but was made under duress and compulsion in that there was no other way in which he could secure title to the property and carry out his contract with Byrd; and (2) that the consent judgment of April 8, 1926, in the pending suit was entered by a lawyer who had no authority to represent him but represented only Byrd, the purchaser.

■■ The explanation by the company of its demand for a sum in excess of the debt, interest, and court costs, is that it was put to certain expenses for taxes and attorney's fees in the first suit, which justified it in holding out for the larger amount. It may be conceded, however, for the purpose of this decision, that the plaintiff's calculations as to the amount legally collectible from him were correct, and that upon the payment of the money into court, he was entitled to a deed to the land and a dismissal of the foreclosure suit. It may also be granted, for the sake of the argument, that under the rule laid down in such cases as Radich v. Hutchins, 95 U. S. 210, 24 L. Ed. 409, Lonergan v. Buford, 148 U. S. 581, 13 S. Ct. 684, 37 L. Ed. 569; Ingram v. Lewis (C. C. A.) 37 F.(2d) 259, 70 A. L. R. 702, and Union Pacific R. Co. v. Public Service Commission, 248 U. S. 67, 39 S. Ct. 24, 63 L. Ed. 131, the payment of $77,000 by Rector to the company was made under duress in the sense that only by making it could he secure title to his property in time to comply with his contract with Byrd. Nevertheless the decision of the District Judge that the consent judgment of April 9, 1926, is a bar to the present action, was correct. There was abundant evidence, which need not be recited in detail, to support his finding that the attorney who consented to the judgment on Rector's behalf did so with his express authority; and this finding, under the circumstances, is conclusive upon us. Southern Ry. Co. v. Blue Ridge Power Co. (C. C. A.) 30 F.(2d) 33.

■■ The effect of the judgment was to put an end to all litigation between the parties upon the questions determined in the earlier case, and these included the very essence of

the present controversy. The willingness and ability of Rector to pay his debt, which, as shown by his tender, became effectual after the institution of the foreclosure suit, transformed it into a simple inquiry as to the amount due. Rector claimed then as now that he was entitled to a dismissal of the suit and to a deed to the property upon the payment of the debt and costs of suit; amounting in the aggregate, with interest to April 8, 1926, to $72,414.69; but the company contended that counsel fees and taxes should be added, bringing the total to $77,000. Thus it appears that there is nothing at issue in the pending litigation that was not involved in the controversy between the parties in the earlier case. Rector paid the larger amount under an agreement of settlement; and afterwards consented to a judgment wherein it was recited that all matters in controversy between the parties had been fully compromised and settled, the foreclosure sale to the company was declared null and void, and the suit dismissed. Such a judgment precluded further litigation of the issue, for a judgment entered by consent is as conclusive and final as to any matter determined as one rendered in invitum after contest and trial. Pacific R. Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; U. S. v. Babbitt, 104 U. S. 767, 26 L. Ed. 921; Nashville C. & St. L. R. Co. v. U. S., 113 U. S. 261, 266, 5 S. Ct. 460, 28 L. Ed. 971; Utah Power & Light Co. v. U. S. (Ct. Cl.) 42 F.(2d) 304, 308; McGowan v. Parish, 237 U. S. 285, 35 S. Ct. 543, 59 L. Ed. 955; Swift & Co. v. U. S., 276 U. S. 311, 48 S. Ct. 311, 72 L. Ed. 587. And such a judgment cannot be impeached collaterally in another proceeding. City of Helena v. U. S. (C. C. A.) 104 F. 113; Cox v. Md. Elec. Rys. Co., 126 Md. 300, 95 A. 43; Morris v. Patterson, 180 N. C. 484, 105 S. E. 25; Watts v. Alexander, Morrison & Co. (D. C.) 34 F.(2d) 66.

The judgment of the District Court is affirmed.