## UNITED STATES v. BERMAN. *

Circuit Court of Appeals, Second Circuit.
March 1, 1937.

Samuel H. Kaufman, of New York City, for the motion.

Richard J. Burke, of New York City, opposed.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The defendant was convicted upon an indictment in twenty counts of using the mails to defraud (section 338, title 18, U.S. Code [18 U.S.C.A. § 338]), and was sentenced on each count to serve a year and a day concurrently; execution was suspended and he was put on probation for two years. He has appealed from this sentence, but, while the appeal was pending, fearing that the appeal might be dismissed, he procured from the judge a repetition of the sentence with the addition of a fine of $1 on each count. From this sentence also he has appealed. The prosecution now moves to dismiss both appeals.

We think that the first sentence was interlocutory because of the suspension of its execution; and that for this reason, if the second sentence did not vacate it, the appeal falls within our decisions in United States v. Lecato, 29 F.(2d) 694; United States v. Messina, 36 F.(2d) 699; United States v. Levinson, 54 F.(2d) 363; United States v. Knickerbocker Fur Coat Co., 66 F.(2d) 388. We must not be misled by mere matters of form; it is not enough that a definite sentence has been imposed, and that the suspension is in form only a stay. It is not really a stay; that is a suspension of execution until the happening of some event over which the judge has no control, like the termination of an appeal, or the occurrence of some outside condition. The court has never finally disposed of the case at all; the sentence, though definite, remains conditional; not only may it never be executed, but its execution depends upon another decision of the judge. Indeed, its very length may be

* Writ of certiorari granted 57 S.Ct. 724, 81 L.Ed. —.

646

reduced during the period of probation. U. S. v. Antinori, 59 F.(2d) 171 (C.C.A. 5). Perhaps it is desirable that a man, convicted and put upon probation, should be able to review the trial, but if he may not do so when no sentence is im. ;ed, he may not, when nothing more has been done than fix the maximum punishment he must undergo, if it ever be decided to punish him at all. The first appeal must therefore be dismissed.

■ As to the second, it is perhaps true that, since the appeal from the first sentence was a nullity, the District Judge still had jurisdiction, Riddle v. Hudgins, 58 F. 490 (C.C.A.8); and that in consequence he had power to resentence the defendant. We may also assume arguendo that he had power at the defendant's request to add to the sentence by imposing a fine of $1 on each count. But, even if he had, the defendant may not complain of this part of the judgment, because he not only consented to it, but actually asked for it. Pacific R. R. Co. v. Ketchum, 101 U.S. 289, 25 L.Ed. 932; United States v. Babbitt, 104 U.S. 767, 26 L.Ed. 921; Nashville, C. & St. L. R. R. Co. v. United States, 113 U.S. 261, 266, 5 S.Ct. 460, 28 L. Ed. 971; Rector v. Suncrest Lumber Co., 52 F.(2d) 946 (C.C.A.4); Curry v. Curry, 65 App.D.C. 47, 79 F.(2d) 172, 174. In a federal court it is not the practice in such cases to dismiss the appeal, but to affirm the judgment, and this judgment, so far as it imposed the fine, must be affirmed. Literally it reimposed the sentence of imprisonment, and again suspended sentence; thus leaving two sentences outstanding. If it be construed as not vacating the first judgment, it is clearly invalid and must be reversed; if it be construed to vacate the first, as we assume, it is not appealable, because it was not an incident to the imposition of the fine and therefore reviewable along with it. It was concurrent and independent, and, since it was interlocutory taken alone, the appeal must be pro tanto dismissed. Finally, if the second sentence be treated as vacating the first, the appeal from the first must nevertheless be dismissed; though in that event because there was no judgment from which to appeal.

Appeal from the first sentence dismissed.

Judgment imposing the fine affirmed.

Appeal from the second sentence of imprisonment dismissed.