**BRIGIDO URBINO et al. v. PORTO RICO RY. LIGHT & POWER CO.**

Civ. No. 4395.

District Court, D. Puerto Rico.

Dec. 10, 1946.

Benigno Pacheco Tizol, of San Juan, Puerto Rico, for plaintiffs.

Brown, Newsom & Cordova, of San Juan, Puerto Rico, for defendant.

COOPER, District Judge.

This case is before me for decision upon stipulation of facts filed by the parties. This stipulation has served as the basis of the findings of fact entered on this same date.

I wish to state briefly the reasons which have led me to conclude that the defense of res judicata interposed by defendant in its answer should be sustained and the complaint dismissed.

In a prior suit involving the same parties and the same cause of action this Court on December 28, 1942, upon stipulation of the parties approved by the Court, entered a consent judgment disposing of all the issues involved in the said suit.

The stipulation filed by the parties in the prior suit upon which the consent judgment was entered shows that the parties, in addition to the dispute as to coverage which at that time was a doubtful expression, settled and composed in good faith a number of controversies affecting the claims made by plaintiffs. It appears that defendant contended in the prior suit that all overtime had been paid at twice the regular rate as provided by the Insular Statute and that the actions on such claims had prescribed in whole or in part under Section 1867 of the Civil Code of Puerto Rico. Plaintiffs on the other hand contended that overtime had not been paid as provided by the Insular Statute or the Fair Labor Standards Act, and that their actions had not prescribed in whole or in part. It also appears that the costs of facilities customarily furnished by defendant to its employees would be disregarded and work which might be classified as new construction would not be excluded. It is reasonable to assume that these factors would have affected the amounts due to the plaintiffs assuming each one of them to be entitled to the benefits of the Fair Labor Standards Act.

Plaintiffs' attorneys in the stipulation for consent decree in the prior suit conceded that the contentions advanced by defendant was meritorious and made in good faith.

In the light of these stipulated facts this Court on December 28, 1942, reached the conclusion that the proposed settlement

842

was fair and equitable and that it was not in violation of any of the provisions of the Fair Labor Standards Act neither did it violate any policy of the said Act. It was believed that the interest of justice would be served by entering a consent decree in accordance with the stipulation.

It has long been the law that, in the absence of fraud, a consent judgment entered by a Court of competent jurisdiction over the subject matter and the parties is binding and conclusive upon the parties to the same extent as a judgment rendered on controverted facts and after a contested trial and hence operates as res judicata between the same parties in a second action involving the same cause of action. Nashville, C. & St. L. Ry. Co. v. U. S., 113 U.S. 261, 5 S.Ct. 460, 28 L.Ed. 971; U. S. v. Parker, 120 U.S. 89, 7 S.Ct. 454, 30 L.Ed. 601; Burgess v. Seligman, 107 U.S. 20, 2 S.Ct. 10, 27 L.Ed. 359.

Plaintiffs contend, however, that a different rule should prevail as to consent judgments entered upon a stipulation of the parties in cases under the Fair Labor Standards Act. Plaintiffs cite in support of their contention the decisions of the Supreme Court of the United States in Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296; and D. A. Schulte, Inc. v. Gangi, 66 S.Ct. 925, 90 L.Ed.——.

In the O'Neil case the Supreme Court held that in the absence of a bona fide dispute either as to coverage or amounts due under the Fair Labor Standards Act an employee could not waive or release his claim to liquidated damages under the Act and that such release if given would be no bar to a subsequent action therefor. The case did not involve a consent decree approved by the Court but on the contrary it was a settlement entered into between the parties extra-judicially. In this case the Supreme Court pointed out that "our decision of the issues raised * * * has not necessitated a determination of what limitation, if any, * * * the Act places on the validity of agreements between an employer and employee to settle claims arising under the Act if the settlement is made as the result of a bona fide dispute between the two parties, in consideration of a bona fide compromise and settlement." 324 U.S. 714, 65 S.Ct. 905.

In the Gangi case the Supreme Court held that the Fair Labor Standards Act precludes a compromise of a bona fide dispute as to the coverage of the act, by the payment of compensation for overtime, from operating to bar a subsequent claim for the statutory liquidated damages. This case also involves an extrajudicial settlement and not a consent decree. The Court pointed out that it was not considering "the possibility of compromises in other situations which may arise, such as a dispute over the number of hours worked or the regular rate of employment." [66 S.Ct. 928]

As I understand the decisions affecting the question now before the Court a settlement of a controversy made extra judicially does not stand on the same footing as a consent judgment or decree entered by a Court with jurisdiction over the parties and the subject matter.

A consent judgment is not a mere authentication or recording of an agreement between the parties; it is a judicial act involving an exercise of the judicial power. United States v. Swift, 286 U.S. 106, 115, 52 S.Ct. 460, 76 L.Ed. 999; Pope v. U. S., 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3; United States v. Radio Corporation of America, D.C., 46 F.Supp. 654.

No doubt these substantial differences between a private agreement and a consent judgment led the Supreme Court to say in the Gangi case that "we think the requirements of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."

In North Shore Corporation v. Barnett, 323 U.S. 679, 65 S.Ct. 275, 89 L.Ed. 551, the Supreme Court of the United States approved the settlement of two cases under the Fair Labor Standards Act by means of a stipulation filed in the said Court and directed that a judgment be entered in accordance with the stipulation. In the case last cited judgment had been entered by the District Court in favor of plaintiffs and had been decided also by the Circuit Court of Appeals and was then in the Supreme Court by writ of certiorari.

The stipulation which was approved by the Supreme Court provided for the payment by the employer to the employees of a sum of money equal to 66⅔% of the amounts awarded by the original judgments. It would seem to follow therefore that if these stipulations had been originally approved by the District Court and consent judgments entered in accordance therewith, that the Supreme Court would have sustained the validity of said consent judgments in a subsequent action which attempted to attack said consent judgments.

■ Plaintiffs' contentions that the prior judgment is invalid and therefore no defense to the present suit must necessarily be based on the premise that plaintiffs were without capacity to consent to the judgment because Congress intended to withdraw from the employees the power to settle differences or disputes under the Fair Labor Standards Act. In this respect plaintiffs consider that employees under the Fair Labor Standards Act are subject to the same contractual incapacity obtaining for infants or minors under the law. If I assume that this is true we find that the rule as to consent judgments involving infants is that they are bound by the same, even though they could not have entered into a valid private agreement containing the same terms and conditions embodied in the consent judgment. Thompson v. Maxwell Land Grant & R. R. Co., 168 U.S. 451, 18 S.Ct. 121, 42 L.Ed. 539.

■ The conclusion seems to me inevitable that the consent judgment entered by this Court in the prior suit between the same parties and involving the same cause of action is binding and conclusive upon the parties and therefore is an absolute bar to the present cause of action.

## Judgment

This cause is before the Court for decision on a stipulation of facts filed February 25, 1946.

In accordance with the facts found and conclusions of law as stated as well as the opinion entered on this same date, it is hereby adjudged, and decreed that the complaint be dismissed with costs as to all of the plaintiffs.

## Findings of Fact

1. That the plaintiffs are residents of Puerto Rico and the defendant is a public service corporation organized under the laws of Puerto Rico and since 1911 and until July 20, 1942, was engaged in the business of generation, distribution and sale of electricity for light, heat and power, throughout numerous municipalities of Puerto Rico, the operation of a street railway system in the municipality of San Juan, Puerto Rico, and the sale at retail of electrical instruments, appliances and supplies.

2. The plaintiffs in this case were employed by defendant for all or part of the period comprised between October 24, 1938, and July 20, 1942.

Some of the plaintiffs in this case during this time worked in or in connection with the steam or hydro-electric plants operated by defendant; others worked in or in connection with the transmission and distribution lines and equipment maintained by defendant; others worked in a clerical capacity doing general office work related to the business of defendant.

Plaintiffs Ramon Vazquez Rodriguez, Fernando Figueroa, Santiago Santiago, Faustino Sanchez Carrion, Jose Gonzalez, Praxedes Ramos and Tomas Caraballo were engaged in installing new machinery and equipment in defendant's plants.

Plaintiffs Vicento F. Jordan and Miguel Faure worked in defendant's repair shop used exclusively in connection with the installation, servicing and repair of the electrical instruments, appliances and supplies sold at retail by defendant.

Plaintiff Ricardo Ramirez was engaged as a cook, preparing meals for the employees in the Comerio hydro-electric plant.

3. On July 20, 1942, by virtue of a judgment entered upon a declaration of taking in a condemnation proceeding filed in the District Court of the United States for Puerto Rico, No. 2716, entitled "United States of America, Petitioner vs. Certain Parcels of Land, Porto Rico Rail-

way Light & Power Company et al.," all of the properties owned and employed by defendant in said businesses were taken by the petitioner United States of America and in consequence defendant ceased its engagement and employment in said businesses and nearly all of its former employees were taken over by Puerto Rico Water Resources Authority that operated the said properties or businesses under contract with petitioner United States of America.

In the said condemnation proceedings numerous of the plaintiffs in the instant case filed a motion in which they stated that they were employees of defendant Porto Rico Railway Light & Power Co., that the defendant has not complied with the provisions of Law No. 49 of 1935, 2nd Sp.Sess., enacted by the Legislature of Puerto Rico nor with the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and that they had a claim and lien on the amount deposited as fair compensation by the plaintiff in said condemnation proceedings for unpaid wages, overtime and liquidated damages, and prayed that an amount of at least $200,000 of the said deposit be retained until their claims had been definitely established. Thereafter the moving parties and other plaintiffs on December 1942 filed an action for the recovery of unpaid wages, overtime and liquidated damages, Civil No. 3179, entitled "Lino Salgado Ortiz et al. v. Porto Rico Railway Light & Power Company" in the District Court of the United States for Puerto Rico, a copy of which complaint was attached to the stipulation of facts filed herein on February 25, 1946.

4. Claims of numerous other ex-employees of defendant were made by attorneys other than those representing plaintiffs in the said Civil Action No. 3179, for alleged unpaid wages, overtime, and liquidated damages, under the Fair Labor Standards Act and insular wage laws, which were asserted to constitute a lien upon the fund deposited by petitioner in the said condemnation proceeding. In connection with said suits and claims defendant contended that the employment of the plaintiffs was not covered by the Fair Labor Standards Act, that all overtime had been paid at twice of the regular rate as provided by the insular wage law and that the actions on such claims had prescribed in whole or in part under Section 1867 of the Civil Code of Puerto Rico, and the plaintiffs contended the opposite, that their claims were covered by the Fair Labor Standards Act, that the overtime had not been paid at twice the regular rate as provided by the insular Wage Law, nor at the rate provided by the Fair Labor Standards Act and that their action had not prescribed.

Attorneys for plaintiffs and other claimants agreed that the contentions of defendant were meritorious.

An exact computation of the amount that might be due more than 1,000 persons employed for the entire or part of the period covered by the complaint and claims, excluding those whose services were exclusively in the street railway division of defendant, was difficult to determine if the reasonable cost of lodging and other facilities such as maximum consumption of electricity, free transportation, and other allowances customarily made to all or some of such employees were to be taken into consideration and engagement in new construction excluded.

It was thereupon stipulated and agreed between defendant and the said plaintiffs and claimants that public accountants Sparrow, Waymouth & Company should examine defendant's books and employee records and prepare a report of the exact amount of wages and overtime, excluding liquidated damages, due plaintiffs under the Fair Labor Standards Act, assuming that all such employment was covered by the said Act, and without taking into consideration the coat of facilities customarily furnished by defendant to its employees; that defendant would furthermore waive prescription as to all such employees and that the said plaintiffs and claimants would accept in full satisfaction of all claims for wages, overtime and liquidated damages under the Federal and Insular Laws the amount so found and reported by the said public accountants.

The said report was prepared and made by said public accountants, a copy of

which was attached to the stipulation of facts filed herein on February 25, 1946, and after examination by plaintiffs and claimants a Stipulation for consent decree was filed on December 28, 1942, in the said civil action No. 3179, a copy of which Stipulation was attached to the stipulation of facts filed herein on February 25, 1946.

The report of Sparrow, Waymouth & Company did not include liquidated damages, in accordance with the agreement above mentioned.

In accordance with the said Stipulation of December 28, 1942, in the said civil action No. 3179, a consent judgment was entered on December 28, 1942, by this Court, copy of which was attached to the stipulation of facts filed herein on February 25, 1946.

On December 28, 1942, immediately upon the filing of the said Consent Decree other plaintiffs appeared by counsel and filed a motion in this Court joining in the said action and accepting the consent decree and judgment.

Defendant paid each of the said plaintiffs and claimants the amount adjudicated by said Consent Judgment and each of said plaintiffs executed and delivered to defendant a receipt for such payment.

All of the plaintiffs in the present action were plaintiffs or claimants whose claims were adjudicated in said Civil Action 3179 and who accepted the Consent Judgment or Decree therein and received payment of the amounts due them under said judgment or decree.

Plaintiffs in this case received, in accordance with the said Consent Judgment the amounts appearing opposite the name of each plaintiff in the Exhibit attached to the complaint in this action, except that Manuel Delgado was paid and received $12.74; Nicolas Rojes $897.54 and not $895.54; Francisco Serrano was paid and received $325.98 and not $337.76; Ignacio de Leon was paid and received $13.07 and not $513.00; Eladio Nazario was paid and received $17.09 and not $150.10.

5. Approximately 5% of the total amount of electric light and power produced, distributed and sold by defendant was purchased and consumed by persons or concerns engaged in interstate commerce or in the production of goods for interstate commerce.

## Conclusions of Law

The prior judgment entered by this Court on December 28, 1942, in the case of Lino Salgado Ortiz et al. v. Porto Rico Railway Light & Power Company, Civil No. 3179, involving the same parties and the same cause of action herein, is a valid and enforceable judgment constituting res judicata of the issues presented by this suit and is therefore an absolute bar to the same