**ECONOMY FOOD AND LIQUOR CO.,**
Plaintiff-Appellant,

v.

**FRANKFORT DISTILLERS CORPORA-TION, Defendant-Appellee.**

No. 11637.

United States Court of Appeals
Seventh Circuit.

April 30, 1956.

Bernard Yedor, Chicago, Ill., for appellant.

Louis A. Kohn, Patrick W. O'Brien, Chicago, Ill. (Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel), for appellee.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

On February 2, 1953, the defendant, Frankfort Distillers Corporation, filed suit in the district court against the plaintiff, Economy Food and Liquor Co., averring that it, Frankfort, was the only person authorized to sell in Illinois alcoholic beverages known as "Frankfort" products; that all such sales were subject to the terms of contracts executed pursuant to the Illinois Fair Trade Act, 1953 Illinois Revised Statutes, Chapter 121½, § 188, providing that defendant's wares were not to be sold in Illinois at less than the minimum prices established by defendant, and that plaintiff had willfully made sales of certain products below the established minimum fair trade prices. Defendant, plaintiff there, prayed an injunction to prohibit future violations.

On March 30, 1953, by consent of the parties, an order was entered granting Frankfort a permanent injunction restraining Economy from advertising, offering for sale or selling Frankfort liquors at less than the prices stipulated. Later, Economy was found guilty of contempt of court because of violation of the injunction, and fined, and thereafter discontinued selling Frankfort products. The decree of March 30, 1953 has never been vacated, modified, reversed or set aside.

Following these events, in July 1955, the present plaintiff, Economy, filed in the Superior Court of Cook County, the instant suit, which was later removed to the District Court of the United States. It averred that it was a member of an association of liquor dealers, other members of which had, when informed of plaintiff's conviction for contempt, threatened to discontinue selling defendant's products; that, thereupon, a representative of defendant informed other members they might disregard Frankfort's Fair Trade prices; that defendant sent one of the association members to plaintiff to say to it that the fine and costs of the prior litigation would be repaid to Economy if it would resume sale of Frankfort products, and that Economy refused so to agree.

Plaintiff's prayer for relief was that, inasmuch as the foregoing facts evinced an intention upon the part of Frankfort to abandon the benefit of the Fair Trade Act and to discriminate against plaintiff, defendant should be enjoined from enforcement of the act and plaintiff awarded $250,000 punitive damages. The district court allowed defendant's motion to dismiss because, as it said, it appeared "that the matters set forth in the complaint should properly be brought in an appropriate proceeding relating to an injunction heretofore entered in a previous case." Consequently, the court held that plaintiff had not stated a claim. From the judgment of dismissal this appeal is prosecuted.

It is apparent that the sole question presented is whether the decree of March 30, 1953 bars plaintiff's asserted cause of action. If the averments of plaintiff's complaint were true, in the absence of any prior judgment to the contrary, defendant could not invoke the

**412**

Fair Trade Act of Illinois, and could not succeed in a suit to restrain plaintiff from selling Frankfort's products below the fair trade prices. But the undisputed fact is that in the prior litigation an injunction has been entered prohibiting plaintiff from advertising or selling Frankfort's products. And, inasmuch as that injunction has never been modified, vacated or set aside or reversed, it is binding upon the parties thereto. Thus, in Rector v. Suncrest Lumber Co., 4 Cir., 52 F.2d 946, the court said at pages 947–948: "The effect of the judgment was to put an end to all litigation between the parties upon the questions determined in the earlier case, and these included the very essence of the present controversy. * * * Such a judgment precluded further litigation of the issue, for a judgment entered by consent is as conclusive and final as to any matter determined as one rendered *in invitum* after contest and trial." In Curry v. Curry, 65 App.D.C. 47, 79 F.2d 172, 174, the Court of Appeals for the District of Columbia reached the same conclusion, quoting the Supreme Court: " '*A fortiori*, neither party can deny its effect as a bar of a subsequent suit on any claim included in the decree.'. Nashville, etc., Railway Company v. United States, 113 U.S. 261, 266, 5 S.Ct. 460, 462, 28 L.Ed. 971." And in Western Union Tel. Co. v. International Brotherhood, etc., 133 F.2d 955, this court had occasion to comment at page 957, that: "An injunction protects civil rights from irreparable injury, either by commanding acts to be done, or preventing their commission, and the decree in such an action is an adjudication of the facts and the law applicable thereto. The decree, however, is executory and continuing as to the purpose or object to be obtained, and operates until vacated, modified, or dissolved," citing Ladner v. Siegel, 298 Pa. 487, 148 A. 699, 68 A.L. R. 1172. In Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622, we again announced that a judgment of any court having jurisdiction over the subject matter and the parties may not be challenged or set aside in collateral proceedings, citing Swift & Co. v. United States, 276 U. S. 311, 48 S.Ct. 311, 72 L.Ed. 587. See also Bigelow v. Balaban & Katz Corp., 7 Cir., 199 F.2d 794.

As long as the injunction remains in full force and effect against plaintiff it cannot maintain a complaint which cannot be legally effective unless and until the existing injunction shall have been removed by direct appeal, or modified in some direct proceeding. In other words, the present complaint constitutes an indirect attack upon an earlier unreversed judgment. The district court rightfully dismissed the complaint.

Plaintiff argues that defendant's motion to dismiss was tantamount to an admission that defendant is liable as charged. Obviously, any motion to dismiss admits the well pleaded facts but only to the extent of applying the tests of the legal sufficiency of the complaint. United States v. Geisler, 7 Cir., 174 F.2d 992, certiorari denied 338 U.S. 861, 70 S.Ct. 103, 94 L.Ed. 528. Such a motion does not admit that the facts averred can be litigated in collateral proceedings in the face of a judgment cutting off all plaintiff's rights in the premises. The judgment is

Affirmed.