**SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,**

v.

**John Elwood DENNETT, Defendant-Appellant.**

**No. 73–69.**

United States Court of Appeals, Tenth Circuit.

Aug. 24, 1970.

Walter P. North, Associate General Counsel (Philip A. Loomis, Jr., General Counsel, Robert E. Kushner, Asst. General Counsel, and Richard S. Seltzer, Attorney, Securities and Exchange Commission, on the brief), for plaintiff-appellee.

John Elwood Dennett, pro se.

Before PHILLIPS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant seeks relief from a consent judgment enjoining him from future violations of the anti-fraud provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder by plaintiff-ap-

pellee Securities and Exchange Commission. See 17 CFR § 240.10b–5.

■■ The entry of a consent judgment is a judicial act. Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L. Ed. 3. The decree is reviewable where it is claimed that there was in fact no consent, but if the record demonstrates that there was consent the decree is affirmed without consideration of the merits of the cause. Swift & Co. v. United States, 276 U.S. 311, 323–24, 48 S.Ct. 311, 72 L.Ed. 587; Nashville, Chattanooga & St. Louis Ry. Co. v. United States, 113 U.S. 261, 266, 5 S.Ct. 460, 28 L.Ed. 971; and cf. Hot Springs Coal Co. v. Miller, 10 Cir., 107 F.2d 677, 681.

■ The judgment recites that the defendant "has indicated in open court that without admitting the allegations of the complaint nevertheless he consents to the entry of a final judgment * * *." The form of judgment which defendant submitted to the court said that "the relief, which ipso facto is not objectionable to the defendant, only becomes objectionable in the context of the proceeding." After the entry of the original judgment, he filed objections thereto which were heard and sustained in part. From the briefs and arguments of the parties it appears that after the notice of appeal was filed, defendant endeavored to obtain relief from the final judgment. Such proceedings are not a part of the record and cannot be considered.

The record convinces us that the defendant consented to the judgment in open court. He objects to the form of the judgment and complains of the inferences and implications that might arise therefrom. We are concerned with the substance and not the form. Specifically, we decline to give any considerations to criticisms of grammar or syntax and we leave the analysis and correction thereof to the experts in philology. It suffices to say that the judgment is understandable to us.

We glean from defendant's brief that he is agreeable to a general injunction requiring him to obey the law but objects to the specifics of the injunction granted because it implies misconduct. The judgment granted the relief sought in the complaint. It says that the defendant does not admit the allegations of the complaint. In effect we have a plea of nolo contendere and a judgment pursuant thereto. If the defendant is innocent of the charges, as he insists, he had full opportunity to contest them. He chose not to do so and is in no position to object on the grounds that the injunction was specific rather than general. In our opinion the judgment conformed to the relief sought and must be affirmed.

■ In his brief in this court defendant objects for the first time to the form of the complaint. We will not consider pleading problems which were not raised at the trial level. Defendant questions the right of the Commission to seek injunctive relief. The power to do so is specifically granted by 15 U.S.C. § 78u(e).

The attack on the Commission and its attorneys deserves no consideration. The effect of the charge is that the attorneys for the Commission breached an agreement for the entry of a modified order. The record does not sustain the charge.

Apparently in connection with his effort to obtain relief from the final judgment, the defendant sought to disqualify the trial judge under 28 U.S.C. § 144. Nothing in the record relates to such an occurrence. At the time of argument we gave defendant an opportunity to supplement the record in this regard and he has not done so, probably because of such decisions as Ex parte American Steel Barrel Co., 230 U.S. 35, 44, 33 S. Ct. 1007, 57 L.Ed. 1379, and Davis v. Cities Service Oil Company, 10 Cir., 420 F.2d 1278, 1282. In the circumstances there is nothing before us on this claimed issue.

Affirmed.