**In re CASCO BAY LINES, INC., Debtor-Appellee.**

**Appeal of CITY OF PORTLAND, Intervenor.**

**Bankruptcy No. 81–9008.**

United States Bankruptcy Appellate Panel, D. Maine.

Aug. 13, 1981.

David A. Lourie, Corp. Counsel, and Karin F. Marchetti, Asst. Corp. Counsel, Portland, Me., for intervenor-appellant.

Richard E. Poulos, Portland, Me., for debtor-appellee.

Before LAWLESS, C. J., and GLENNON and VOTOLATO, JJ.

VOTOLATO, Bankruptcy Judge.

In this Chapter 11 proceeding, an appeal has been taken by the City of Portland from an order of the Bankruptcy Court which imposed certain limitations upon the rights of the Appellant-Intervenor, with respect to its participation in the reorganization of the Debtor-in-Possession, a public utility transportation company. The City of Portland moved to intervene as a representative of its resident public,[1] particularly those living on certain islands within the city limits, and for whom the Debtor, a ferry operator, is the primary source of transportation and access to the mainland.

On December 17, 1980 an order was entered granting the City intervenor status. However, certain conditions were attached to the order, as follows:

> On the application of the City of Portland to intervene in this proceeding and to become a party in all adversary proceedings brought thereunder, after notice

---

1. Although the City of Portland has the status of a priority creditor in this case, it has elected to assert its standing to intervene solely as a representative of the public.

and a hearing, the court having heard the arguments of counsel; it is

ORDERED, that the application to intervene be and hereby is granted subject to the following conditions:

1. the intervenor is not deemed to be a party in interest within the meaning of 11 U.S.C. § 1109(b) and other applicable provisions of the Bankruptcy Code;

2. no right of appeal shall attach to intervenor status except upon specific application by the intervenor in any given instance;

3. none of the expenses of representation incurred by the intervenor shall be allowed as a cost of administration in these proceedings; and

4. the right of intervention is limited to general, nonadversary proceedings relating to the general operation of the business of the debtor, as well as to proceedings relating to confirmation of the plan of arrangement, this last condition subject to special exception upon application by the intervenor to be heard in connection with any particular proceeding; and it is further

ORDERED, that the application to become a party in all the adversary proceedings brought under the main proceeding be and it is hereby denied.

The City disputes the authority of the Bankruptcy Court to impose such limitations, and seeks to present for review by this Panel the following two substantive issues:

1. Did the bankruptcy court err in not allowing the City, in its representative capacity, to be a party in all adversary proceedings?

2. Could the bankruptcy court limit the City's right to appeal after granting it intervenor status?

Although these are the issues submitted to us by the Appellant, we find it unnecessary to decide either question because the City, through its counsel, specifically agreed to the conditions in the December 17, 1980 order which it now challenges.

The record indicates that the City's motion was argued before the bankruptcy court on December 15, 1980. Immediately prior to the hearing on the City's motion, a similar motion by the Casco Bay Island Development Association, an organization of residents of the named island, which is served by the Debtor, was heard. At the conclusion of that hearing, the bankruptcy judge made the following statement:

THE COURT: The court will note—it will enter its written order as soon after these hearings as time permits. The court intends to allow the application filed by Mr. Murray subject to certain conditions; one is that no right of appeal shall attach to the motion to intervene except on specific application by the intervenor in any given instance.

Secondly, none of the expense of representation of the intervenor shall be allowed as a cost of any sort of administration in these proceedings; thirdly, that no right of intervention is permitted other than in the general proceedings, the nonadversary proceedings relating to the general operation of the business, the preparation and submission of the confirmation of the plan and the like except on other special application by the intervenor to be heard and determined at a later time.

Transcript, at pp. 9–10.

Immediately after the bankruptcy judge made this statement, the motion of the City was heard. At the conclusion of the argument by the City's Assistant Corporation Counsel, Karin Marchetti, Esq., the following dialogue occurred.

THE COURT: Is there—Ms. Marchetti, is the City prepared, if allowed to intervene, to abide by the same conditions the court imposed upon the intervention by the Casco Bay Island Development Association?

MS. MARCHETTI: Yes, Your Honor.

THE COURT: The motion will be granted, then, on the same basis.

Transcript, at p. 13.

The law with respect to review of matters where the appellant has consented be-

low has been established and consistent for a long time, and for very good reason.

■ "[I]t is a well settled general rule ... that a party is not aggrieved by a judgment, order, decree, or ruling regularly rendered or made, on agreement or otherwise, with his express or implied consent, and therefore he cannot appeal or sue out a writ of error to review it." 4 C.J.S., Appeal and Error § 213, at 629 (1957); *Evans v. Phelps*, 17 U.S. (4 Wheat.) 73 (1819); *United States v. Babbitt*, 104 U.S. 767, 26 L.Ed. 921 (1881); *United States v. Star Const. Co.*, 186 F.2d 666 (10th Cir. 1951); *Hodgson v. Vroom*, 266 F. 267 (2d Cir. 1920). Stated briefly, the rule is that "a person who has consented to the entry of a judgment, unless the matter is one of jurisdiction, has no status to appeal." *Stanford v. Utley*, 341 F.2d 265, 271 (8th Cir. 1965); *Haitian Refugee Center v. Civiletti*, 614 F.2d 92 (5th Cir. 1980); *Scholl v. Felmont Oil Corp.*, 327 F.2d 697 (6th Cir. 1964); *Kelly v. Great Atlantic & Pacific Tea Co.*, 86 F.2d 296 (4th Cir. 1936); *Curry v. Curry*, 79 F.2d 172 (D.C.Cir. 1935). When a party consents to the entry of a particular judgment, "he is estopped from convicting the trial court of an error which he requested it to commit." *Francisco v. Chicago & A. R. Co.*, 149 F. 354, 355 (8th Cir. 1906). "[I]nvited error is irremediable." *Id.*

■ Here, counsel was aware of the conditions to be imposed upon the granting of intervention and expressly accepted them, and by so agreeing to the entry of the order in question, particularly with the condition limiting intervention to general non-adversary proceedings, consented to the denial by the court of that part of her motion requesting to be named as a party in all adversary proceedings.[2] Any reservation counsel had as to the legal infirmities of the proposed order should have been expressed at that time so that they could have been considered by the bankruptcy

judge. Even if Appellant's counsel was uncertain about her position at that time, a simple negative to the court's inquiry would have sufficed to save the City's appeal. However, this is not the path counsel chose. Instead, she clearly and unambiguously accepted the conditions placed in the order, an action reasonably relied upon by the court in issuing the order. The City should therefore be and is estopped from challenging that which it has already clearly adopted. To hold otherwise would place trial courts in positions of impossible uncertainty whenever counsel make representations that they have no objection to procedural or substantive decisions.

■ Of some technical concern is how we should dispose of this appeal, mechanically. While dismissal of the appeal may seem appropriate, we are aware of the direction of the Supreme Court that an appellate court "must still receive and decide the case." *Pacific R. R. v. Ketchum*, 101 U.S. 289, 295, 25 L.Ed. 932 (1879). However, we are further instructed to the effect that "a decree, which appears by the record to have been rendered by consent, is always affirmed, without considering the merits of the cause." *Nashville, Chattanooga & St. Louis Ry. Co. v. United States*, 113 U.S. 261, 266, 5 S.Ct. 460, 462, 28 L.Ed. 971 (1885); *Swift & Co. v. United States*, 276 U.S. 311, 324, 48 S.Ct. 311, 314, 72 L.Ed. 587 (1928).

Accordingly, the order of the bankruptcy court is affirmed. We make no finding as to the merits of the City of Portland's appeal.

---

2. The right to appear and be heard on any issue and the right to appeal are rights associated with the status of a "party in interest." 11 U.S.C. § 1109(b). The exclusion of these rights in the bankruptcy judge's oral statement of the conditions placed upon the granting of intervention, and the clear acceptance of these conditions by Ms. Marchetti, was a waiver of any right to appeal the order.