**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2002**

**PATRICK FISHER**

Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALAN R. MESSER; DRENDA L.
MESSER; ALTA HOLDINGS; ARMI
ENTERPRISES TRUST, FRED
SALISBURY, Trustee; BAKER
HOLDINGS 1; BAKER HOLDINGS
2; COFFMAN HOLDINGS;
COFFMAN 2; EMERY HOLDINGS;
HEALER TRUST, AN ASSOCIA-
TION; HEALER TRUST, also known
as Healer Investments Trust; JUDSON
HOLDINGS; MESSER
CHIROPRACTIC CENTER, P.C.; MT.
VIEW HOLDINGS; TERRY
HOLDINGS; WEDGEWOOD
HOLDINGS 1; WEDGEWOOD
HOLDINGS 2; WISCONSIN,
LIMITED,

     Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

Nos. 00-9013, 00-9014, 00-9015,
00-9016, 00-9017, 00-9018
00-9019, 00-9020, 00-9021
00-9022, 00-9023, 00-9024
00-9025, 00-9026, 00-9027
00-9028, 00-9029
(Tax Court Nos. 11882-99, 11883-99,
11884-99, 11885-99, 11886-99,
11887-99, 11888-99, 11889-99,
11890-99, 11891-99, 11892-99,
11893-99, 11894-99, 11895-99,
11896-99, 11897-99, 11898-99)

---

# ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

This order and judgment deals with seventeen consolidated cases concerning redeterminations of deficiencies and penalties, all of which were settled shortly before trial in the Tax Court. The court entered stipulated decisions in each of the seventeen cases. These decisions were final orders that disposed of all claims of all parties. Petitioners consented to their entry, without reserving a right to appeal them, or making them in any way conditional. The petitioners filed no post-decision motions for a new trial or to vacate or revise any of the decisions, as they might have done under Rules 161 and 162 of the Tax Court Rules of Practice and Procedure.

Fourteen of the seventeen decisions gave petitioners all the relief they had sought, thus defeating appellate jurisdiction in those cases.[1] In the remaining

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Petitioners in these cases (Nos. 00-9014 through 00-9020, 00-9022, 00-9023, and 00-9025 through 00-9029) have conceded that they "obtained [a]

three, we conclude that there is appellate jurisdiction to rule on these cases and we affirm the stipulated decisions entered by the tax court.

"[A] decree, which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the cause." *Swift & Co. v. United States*, 276 U.S. 311, 324 (1928) (quoting *Nashville, Chattanooga & St. Louis Ry. Co. v. United States*, 113 U.S. 261, 266 (1885)); *see also Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 526 (10th Cir. 1992). There are three exceptions to this general rule barring appeal of consent judgments. A party may appeal where he can establish he did not actually consent, where he can show fraud in the procurement, or where the court entering the judgment lacked subject matter jurisdiction over the case. *Swift*, 276 U.S. at 324. None of these exceptions apply to the cases before us.

Moreover, while one may reserve the right to appeal a consent decree, *Mock*, 971 F.2d at 5275, the parties did not do so here. Rather, they settled without expressing any reservations. As the Supreme Court has explained, a settlement is a compromise to end the litigation.

> Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of

---

finding in conformity with the Settlement Agreement . . . [and] do not oppose dismissal of their respective appeals." Aplt's Resp. at 2, ¶ 3.

litigation.  Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation.  Thus the decree itself cannot be said to have a purpose; rather the parties have purposes, generally opposed to each other, and the resultant decree embodies as much of those opposing purposes as the respective parties have the bargaining power and skill to achieve.  For these reasons, *the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it.*  Because the defendant has, by the decree, waived his right to litigate the issues raised, a right guaranteed to him by the Due Process Clause, the conditions upon which he has given that waiver must be respected, and *the instrument must be construed as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation.*

*United States v. Armour Co.*, 402 U.S. 673, 681-82 (1971) (emphasis added).

Notwithstanding they have settled the matter, petitioners nonetheless contend that after entering into the consent judgments, they discovered further information that would alter the calculation of the deficiencies owed.  They argue that it would constitute a manifest injustice to prevent them from reopening the case to reassess these calculations.  Aplt. Br. at 5.  As support for this argument, petitioners rely on cases holding that a court has discretion to consider on appeal issues not raised in the court below.  However, none of the cases cited by petitioners involved judgments ordered by consent; they are therefore all distinguishable from the cases at issue here.  Petitioners have no right to appeal simply because they subsequently decided they could have reached a better outcome than the one to which they agreed.

-4-

Accordingly, as to the fourteen cases over which we do not have jurisdiction, we **DISMISS** the appeals.  As to the three cases over which we do have jurisdiction, we **AFFIRM** the decisions of the Tax Court.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge