**UNITED STATES**

v.

**DELIAN CRUISES, SA et al.**

Civ. A. No. 80–442.

United States District Court,
E. D. Louisiana.

Dec. 23, 1980.

Thomas W. Snook, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Robert H. Murphy, New Orleans, La., for defendants.

MEMORANDUM OPINION AND ORDER

EDWARD J. BOYLE, Sr., District Judge:

This matter came before the court upon the motion of plaintiff for partial summary judgment. We took the matter under submission on the memoranda, including supplemental memoranda concerning the applicability to this case of the Supreme Court's holding in *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).[1] We have now determined that the motion for partial summary judgment must be denied for the following reasons.

Plaintiff filed this action pursuant to 33 U.S.C. § 1321(b)(6) to recover a $5,000 civil penalty from defendant, Delian Cruises, S.A. The penalty was imposed because defendant allegedly discharged oil into the navigable waters of the United States in violation of 33 U.S.C. § 1321(b)(3). The penalty claim is coupled with a claim for clean up costs pursuant to 33 U.S.C. § 1321(f)(1).

Plaintiff contends that this court is limited to a review of the administrative record and must affirm the assessment of the civil penalty if such assessment is supported by substantial evidence. Defendant, on the other hand, contends that it is entitled to a *de novo* hearing of the circumstances surrounding the assessment of the penalty. The right to a *de novo* hearing is claimed to be derived either from the statute pursuant

---

1. In *Raddatz,* the district judge had referred to a magistrate, pursuant to 28 U.S.C. § 636(b)(1), a motion to suppress evidence in a criminal case. The magistrate held an evidentiary hearing at which the defendant testified. Based upon the testimony at the hearing, the magistrate found that the defendant had knowingly, intelligently and voluntarily made the inculpatory statements and recommended that the motion to suppress be denied. After considering the transcript of the hearing and over the defendant's objection, the judge accepted the recommendation and denied the motion to suppress.

Section 636(b)(1) requires the judge to make a "*de novo* determination" of those portions of the magistrate's report, findings or recommendations to which objection is made. Defendant urged that the district judge was required to personally hear the controverted testimony on the motion to suppress. The Supreme Court held that because the statute called for a "*de novo* determination" rather than a "*de novo* hearing," the district judge was not required to rehear the testimony on which the magistrate based his findings and recommendations in order to make an independent evaluation of credibility.

to which the penalty was assessed [2] and the relevant legislative history, or from the provisions of the Administrative Procedure Act, particularly 5 U.S.C. § 706. Defendant also claims that the hearing at which the penalty was imposed denied it procedural due process because the right of cross-examination was denied.

A review of the reported cases reveals a wide divergence of opinion as to the procedural requirements of the Coast Guard penalty hearing and the scope of review in any subsequent collection proceeding initiated by the United States. *See, e.g., United States v. Independent Bulk Transport*, 480 F.Supp. 474 (S.D.N.Y.1979); [3] *United States v. Malitovsky Cooperage Co.*, 472 F.Supp. 454 (W.D.Pa.1979); [4] *Commonwealth of Puerto Rico v. S.S Zoe Colocatroni*, 456 F.Supp. 1327 (D.P.R.1978); [5] *United States v. Slade, Inc.*, 447 F.Supp. 638 (E.D.Tex. 1978); [6] *Matter of Vest Transp. Co., Inc.*, 434 F.Supp. 748 (N.D.Miss.1977); [7] *United States v. Atlantic Richfield*, 429 F.Supp. 830 (E.D.Pa.1977), *aff'd*, 429 F.2d 1303 (3rd Cir. 1978); [8] *United States v. General Motors*, 403 F.Supp. 1151 (D.Conn.1975); [9] *United States v. Beatty, Inc.*, 401 F.Supp. 1040 (W.D.Ky.1975).[10] These cases reach differing conclusions concerning the right to a *de novo* hearing on the penalty claim.

The statute itself is ambigious; it provides merely that "[n]o penalty shall be assessed until the owner, operator, or other person charged shall have been given notice and an opportunity for a hearing on such charge." 33 U.S.C. § 1321(b)(6)(A). The Statute does not specify what type of hearing is contemplated and whether the right of cross-examination is to be afforded the one charged with the violation. The Coast Guard regulations pursuant to which the penalty hearing was conducted do not specifically provide for the right of cross-examination. 33 CFR § 1.07. The legislative history of H.R. 11896, a bill containing language relating to the penalty assessment hearing identical to that now contained in 33 U.S.C. § 1321(j)(2) indicates as follows:

> The language "notice and opportunity for a hearing" of Section 311(b)(6) is not intended to impose in every instance the complex procedural requirements associated with formal adjudicatory hearings on the record before a hearing examiner such as are used for rate-making and similar federal rule issuance. The committee believes that effective administrative enforcement will be enhanced by assessment procedures which are expeditious. Provisions of title 5 of the United

---

**2.** The statute pursuant to which the penalty was assessed, 33 U.S.C. § 1321, does not specifically provide for a *de novo* hearing before the district court in a proceeding to collect the civil penalty.

**3.** The court held that the hearing requirements of the Administrative Procedures Act do not apply to Coast Guard penalty assessment hearings because there is no statutory requirement of a hearing "on the record."

**4.** A claim for cleanup costs and penalty collection action were tried together. There was no contention that a *de novo* hearing was inappropriate in the penalty assessment portion of the case.

**5.** The court affirmed the Coast Guard's assessment of penalty because the assessment was neither arbitrary nor capricious.

**6.** The court held the violator had failed to exhaust its administrative remedies because it neither requested nor attended a hearing before the Coast Guard.

**7.** In a penalty enforcement proceeding submitted on the record without oral argument, the court held that the decision of the Coast Guard must be sustained if the assessment is supported by substantial evidence and is not arbitrary or capricious.

**8.** In a penalty enforcement claim submitted on cross motions for summary judgment, the court noted that it had not been asked to conduct a *de novo* trial on the issue of fault and stated in dictum that it doubted it possessed the power to do so.

**9.** The Government conceded the defendant's right to a trial *de novo* on the issues of liability and the amount of penalty.

**10.** A claim for penalty enforcement and for cleanup costs was tried to the court, which held that where the fine is within the limits allowed by law, the court has no authority to reduce it.

States Code commonly referred to as the Administrative Procedure Act, as amended, will nevertheless apply to assure due process and protection of a respondent's rights. In that regard, the respondent has the opportunity of a de novo hearing in any collection proceeding initiated by a United States Attorney after the conclusion of administrative procedures. The net result is to parallel the penalty assessment method which the Coast Guard has used in the past in connection with laws which it administers.

House Report (Public Works Committee) No. 92–911, March 11, 1972 [to accompany H.R. 11896], U.S.Code Cong. & Admin.News 1972, p. 3668. Although the quoted language has been criticized as confusing, *United States v. Independent Bulk Transport, Inc.*, supra, 480 F.Supp. at 479, we conclude that the intent of Congress was to provide for expeditious administrative procedures, with *de novo* review available in enforcement proceedings before the district court. As the legislative report uses the phrase *"de novo* hearing" rather than *"de novo* determination" we must hear the evidence anew rather than relying upon the record of the Coast Guard. *See United States v. Raddatz*, supra.

There is a genuine issue of material fact as to the source of the oil pollution based upon which the penalty was assessed and, accordingly,

IT IS ORDERED that the motion of the United States for Partial Summary Judgment be DENIED.